647 So.2d 1254 (1994)
STATE of Louisiana
v.
Ronald FOUNTAIN.
No. 93-KA-2561.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
*1255 Harry F. Connick, Dist. Atty., Karen E. Godail, Asst. Dist. Atty., New Orleans, for appellee.
Conrad Hultquist, Student Practitioner, Tulane Law School Comm. Serv. Prog., and Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant.
Before CIACCIO, LOBRANO and PLOTKIN, JJ.
CIACCIO, Judge.
Defendant was charged by grand jury indictment with second degree murder. Following a plea of not guilty, defendant was tried by a twelve-member jury, which found defendant guilty of manslaughter. Defendant was sentenced to twenty-one years at hard labor; his motion for reconsideration of sentence was denied by the trial court. Defendant now appeals based on two assignments of error. We affirm.
STATEMENT OF THE FACTS:
On the afternoon of July 8, 1991, defendant shot Keith Dudley in the head. Defendant turned himself in to the police later that day and gave a confession. Defendant told the police that he, Dudley, Marlon Edwards, and Harold McGee were at the rear of an apartment building on Annette Street and that he had a gun. He stated he was playing with Dudley by demanding that Dudley "give it up." He also said that he did not tell Dudley he was playing. Defendant stated that Dudley said he had a thousand dollars worth of crack cocaine on him, which was what defendant wanted Dudley to give up. Defendant was swinging his gun in front of Dudley's face and he held the gun loosely by the handle with his finger touching the trigger. He said that the gun went off accidentally and that he then ran from the scene. Defendant disposed of the gun by a church on Urquhart Street. Defendant said that he bought the gun, already loaded, about a week before the shooting and that he had not shot the gun before.
At trial, Dr. Paul McGarry testified that Dudley died from one close-range gunshot wound to the left side of his head, two inches above the center of his left ear, and that the gun was within two inches from Dudley's head when it was fired. Evidence at trial further indicated that the police found the gun, a .357 magnum revolver, near the church as stated by defendant. The gun contained four live rounds and one spent casing. Officer John Treadaway tested the gun and testified that it had a double action trigger pull, which required a greater amount of pressure to pull. Treadaway stated it took three and three-quarter pounds of pressure for the first action and thirteen pounds to fire it, which put the gun in the normal range. He would not describe the gun as having a hair trigger. At trial, *1256 Treadaway placed a blank cartridge in the gun, cocked it, and banged it on a table to show it would not discharge until he pulled the trigger.
The police also recovered sixty-three dollars in cash and five rocks of crack cocaine from Dudley's clothing.
ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, defendant argues that the State's evidence failed to support his conviction for manslaughter. He contends that the State failed to prove his guilt beyond a reasonable doubt that: 1) that the homicide was committed under sudden passion or heat of blood pursuant to LSA-R.S. 14:31(A)(1) or 2) that the homicide was unintentional but committed during a non-enumerated felony or intentional misdemeanor pursuant to LSA-R.S. 14:31(A)(2)(a). Defendant argues that there is no evidence showing that the shooting was anything but an accident and that his confession alone, without independent corroboration, is insufficient to support his conviction. Conversely, the State argues that the evidence proves that the shooting was a manslaughter because it occurred during the commission of an intentional misdemeanor, namely, aggravated assault.
LSA-R.S. 14:31(A)(2)(a) provides:
A. Manslaughter is:
* * * * * *
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person.

* * * * * *
In order to support a conviction for manslaughter, the State is not required to prove that the offender intended to cause death or great bodily harm, but the State must prove that the homicide occurred during the commission of an intentional misdemeanor directly affecting the person. State v. Thompson, 532 So.2d 1160 (La.1988). In the present case, the State asserts that the homicide occurred during the commission of an aggravated assault.
R.S. 14:36 defines assault either as an attempt to commit a battery or the intentional placing of another in reasonable apprehension of receiving a battery. Aggravated assault is an assault committed with a dangerous weapon. R.S. 14:37.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole, and if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988).
When a conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. R.S. 15:438; State v. Camp, 446 So.2d 1207 (La.1984). This is not a stricter standard of review, but it is an evidentiary guide for the trier of fact when it considers circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985). If a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails; and, unless another one creates reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La.1984).
A defendant cannot be convicted on his own uncorroborated confession without proof that a crime has been committed by someone, i.e. without proof of corpus delicti. State v. Celestine, 452 So.2d 676 (La.1984). Once corpus delicti is independently established, a confession alone may be used to identify the defendant as the perpetrator of the crime. Id.
In the present case, there was independent corroboration that a crime occurred. Dr. Paul McGarry, who performed the autopsy, testified that Dudley died from a single gunshot wound to the head. There is no evidence *1257 of suicide. This adequately establishes corpus delicti. See State v. Cutwright, 626 So.2d 780 at 784 (La.App. 2d Cir.1993), writ denied, 632 So.2d 761 (La.1994).
We have reviewed the entire record in this matter and, viewing the evidence in the light most favorable to the prosecution, we find that the State proved defendant's guilt of manslaughter beyond a reasonable doubt. Defendant's acts of waving the gun in front of the victim and pointing the loaded gun at Dudley's head constituted an aggravated assault. Defendant admitted that he was acting as if he was robbing Dudley, but that he did not tell Dudley he was joking, and he stated that he even rummaged through the victim's pockets.
Further, Officer Treadaway's expert testimony that the gun's trigger would have to be pulled in order for it to discharge is circumstantial evidence that excludes the hypothesis that the shooting was just an accident.
Thus, we conclude that the State proved that defendant committed a homicide while armed with a dangerous weapon, and while intentionally placing Dudley in reasonable apprehension of receiving a battery. The evidence presented is sufficient to support defendant's conviction of manslaughter. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2:
In his second assignment of error, defendant complains that the trial court erred in imposing an excessive sentence under the sentencing guidelines without enumerating any aggravating circumstances and without considering any mitigating factors.
In sentencing defendant, the trial judge stated as follows:
The facts of this matter indicate that there was some dispute about what was going on actually. Mostly it was some dispute about money owed and about drugs, but unfortunately, as Ms. Dudley said, what it was about eventually comes down to somebody dying and silliness and youthful people. How old are you Mr. Fountain?
THE DEFENDANT:
Eighteen, your Honor.
THE COURT:
Eighteen. When this happened you were 17?
THE DEFENDANT;
Sixteen.
THE COURT:
Sixteen. What a hell of a note. Sixteen and this kid you killed wasn't much older than you. Younger as I recall. Ms. Dudley is right. We had a case yesterday, sat in here, kids with submachine guns. Machine pistols, killing people. Her son is gone and now your mothr is going to lose a son for a while too. Unfortunately these things never balance out well.
The trial judge further stated that he considered the sentencing guidelines and noted that under the guidelines, a sentence of five to seven and one-half years was recommended. The judge then stated:
The Court feels that that is not significantthat is not sufficient in this instance and I will not abide by that guideline. The Court feels that this jury, Mr. Fountain, did you a great favor as a young man, you faced the prospect of the rest of your life in prison and in this state despite what our District Attorney says on T.V. and what the newspaper editorial say, most people who get life in prison in this state stay in prison for life. The jury did you a favor, but I think that the minimum sentence in this matter would deprecate from the seriousness, and I agree with Ms. Dudley, sometime this is going to have to stop, some place. If the Fourth Circuit thinks this is excessive, they're going to have to reduce it.
Twenty-one years Department of Corrections.

* * * * * *
Let me finish. Twenty-one years Department of Corrections, with any credit for time served to date, and I would place on the record that in granting this sentence, this Court views this sentence in terms of a modified second degree murder sentence.
Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition *1258 of excessive punishment. A sentence may be reviewed for excessiveness even though it is well within statutory guidelines. C.Cr.P. art. 881.2; State v. Cann, 471 So.2d 701 (La.1985). The imposition of a sentence may be unconstitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992). State v. Brogdon, 457 So.2d 616 (La.1984). To insure adequate review by the appellate court, the record must indicate that the trial court considered factors set forth in the sentencing guidelines. La.C.Cr.P. art. 894.1; State v. Husband, 593 So.2d 1257 (La.1992).
In State v. Smith, 639 So.2d 237 (La.1994), the Louisiana Supreme Court held as follows:
(1) while a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the consideration taken in to account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the consideration taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines. (Emphasis in original).

Id., 639 So.2d at 240.
Thus, while guidelines must be considered in sentencing, the trial judge has discretion to impose a sentence outside the range suggested if he states for the record adequate reasons for the sentence. The trial court has discretion to impose a sentence within the statutory sentencing range as long as the factual basis for the sentence is stated for the record. Absent a manifest abuse of discretion, the sentence imposed by a trial judge should not be set aside as excessive. C.Cr.P. art. 881.4D; State v. Lobato, 603 So.2d at 751.
In this case, the trial judge imposed the maximum sentence then in effect at the time of the offense, 21 years. The maximum sentence for manslaughter was increased in 1992 to 40 years.
In imposing this sentence, the trial court stated that he viewed it as a modified second degree murder sentence. The trial court apparently found that the State had proven defendant guilty of second degree murder. The court believed that the shooting was either intentional or predicated upon a dispute over money owed or drugs. The record supports this finding based on the evidence presented by the State that the gun used by defendant could not have gone off accidentally.
The trial court clearly stated that he considered the sentencing guidelines, but chose not to abide by the recommended sentence in this instance. The court noted the defendant's as well as the victim's young age and also the senselessness of the shooting. The court also had the benefit of the pre-sentence investigation report, which indicated that defendant was on juvenile probation for a possession of cocaine adjudication at the time of the shooting.
We find that the court considered the guidelines and in its complete discretion, sentenced defendant to the maximum sentence of 21 years. The record shows that the court adequately stated the factual basis for imposition of the sentence, and we find no abuse of the trial court's discretion. We are therefore limited to a review for constitutional excessiveness. State v. Smith, supra. Under the circumstances presented here, where the evidence shows that defendant pointed a gun to the head of this sixteen year old boy without provocation and intentionally pulled the trigger, we fail to find the sentence imposed to be excessive.

DECREE
Accordingly, for the reasons stated, defendant's conviction and sentence are affirmed.
AFFIRMED.
PLOTKIN, J., dissents with reasons.
*1259 PLOTKIN, Judge, dissenting in part.
I dissent on the excessive sentence issue.
Notwithstanding the trial judge's opinion that the defendant was guilty of second degree murder, the jury found the defendant guilty of manslaughter. The imposition of the maximum sentence for manslaughter in this case is excessive.
The defendant was a 16 year old first offender when the crime occurred. He contended, and the jury believed, that the homicide was either unintentional or committed under sudden passion or heat of blood. Immediately following the incident, the defendant turned himself in to the police, confessed that he accidently shot the decedent, and led the police to the recovery of the guns.
Although the trial judge made reference to and rejected the sentencing guidelines, he failed to state in the record the considerations taken into account and the factual basis for the sentence he imposed. State v. Smith, 639 So.2d 237 (La.1994). The reasons advanced in this case by the trial judge for the sentence are irrelevant and specious. The absence of any specific factual reference to the defendant and the belief that the defendant should have been convicted of second degree murder are insufficient justifications for imposing the maximum sentence.
In State v. Matthews, 532 So.2d 270 (La. App. 3rd Cir.1988), the Third Circuit Court of Appeal found a twenty-one year sentence excessive where the defendant was a 48-year-old first offender with two children and a steady work history. The court noted that even though the defendant had been charged with second degree murder, no evidence that the defendant was guilty of that offense was presented; thus, the trial court could not consider that the defendant had gotten the benefit of a plea bargain when he was allowed to plead guilty to manslaughter.
In State v. Jones, 601 So.2d 339 (La.App. 2d Cir.), writ denied 605 So.2d 1129 (La. 1992), the Second Circuit Court of Appeal affirmed a seven-year sentence for manslaughter where the defendant shot into a crowd and killed a bystander. The trial court noted that although the defendant had no intent to kill, his dangerous act had taken and wasted the life of an innocent person. The defendant was a first offender and a college student.
In State v. Brown, 513 So.2d 425 (La.App. 2d Cir.1987), writ denied 516 So.2d 367 (La. 1988), the Second Circuit Court of Appeal upheld a twelve-year sentence for manslaughter where the defendant had fired his gun at a house and fatally wounded one of the occupants. The defendant had one prior conviction and a stable work history.
In State v. Taylor, 535 So.2d 1146 (La.App. 2d Cir.1988), the Second Circuit Court of Appeal found an eighteen-year manslaughter sentence excessive and that a twelve-year sentence was warranted. The defendant shot a friend with whom he had a dispute over payment of a Visa bill. No showing was made that the defendant had intended to kill the victim with whom he had been out drinking a few hours before the killing. The defendant had no prior convictions and was steadily employed.
The defendant in the instant case was 16 years old at the time of the offense, and the jury believed the killing of his friend was unintentional. He expressed remorse and apologized to the decedent's mother at the sentencing hearing. The defendant immediately cooperated and fully assisted the authorities. The trial judge abused his discretion in sentencing this defendant to the maximum sentence of 21 years, since he cannot be considered to be the worst offender who committed the most serious violation of manslaughter. Nor did the trial judge follow the dictates of Smith.
I would affirm the conviction, but vacate the sentence and remand for resentencing.