694 So.2d 593 (1997)
STATE of Louisiana, Appellee,
v.
Matthew Scott SIMONS, Appellant.
No. 29544-KA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1997.
*594 Peggy J. Sullivan, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Robert S. Tew, Asst. Dist. Atty., for Appellee.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
PER CURIAM.
The defendant, Matthew Scott Simons, appeals as excessive a five year sentence at hard labor following his plea of guilty to possession of methamphetamine. For the following reasons, we affirm.

FACTS
On May 25, 1995 members of the West Monroe Police Department, acting on a tip about a suspicious person, discovered the defendant sitting in a car with a .30 caliber rifle, loaded with a 25-round clip, next to his leg. The defendant was asked to step out of the vehicle. Upon questioning after advice of Miranda rights, the defendant stated that there was also a pistol under the car seat. The police saw a syringe and a set of scales in plain view on the floorboard. A consent search disclosed that defendant's shirt pocket and wallet contained several small plastic bags which had a white, powdery residue in them. Laboratory testing confirmed the substance as methamphetamine.
The defendant was arrested and charged with possession of methamphetamine, a violation of La. R.S. 40:967 and with being a felon in possession of a firearm, a violation of La. R.S. 14:95.1. The defendant had a previous conviction in 1992 for simple burglary. On June 18, 1996, pursuant to a plea bargain agreement, the defendant was allowed to plead guilty to possession of methamphetamine. In exchange for the guilty plea, the charge of being a felon in possession of a firearm was dismissed. The state also agreed not to prosecute the defendant as a habitual offender. On August 15, 1996, the trial court sentenced the defendant to the maximum period of incarceration, five years at hard labor, with credit for time served. The defendant was also properly informed of the delays for applying for post conviction relief. A timely motion to reconsider was denied by the trial court. The defendant appealed, arguing that court failed to adequately articulate reasons for the sentence as required by La.C.Cr.P. art 894.1 and that the sentence imposed is excessive.

DISCUSSION
A trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555. In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The trial court is not required to list every aggravating and mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, supra; State v. Gene, 587 So.2d 18 (La.App. 2d Cir.1991), writ denied 604 So.2d 993 (La. 1992). The articulation of the factual basis for the sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance *595 with its provisions. Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
The second prong of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Strange, 28,466 (La. App.2d Cir. 6/26/96), 677 So.2d 587.
The defendant complains that the trial court failed to adequately articulate the factors listed in La.C.Cr.P. art 894.1 to justify the sentence imposed. The defendant argues that the sentencing court failed to consider that he is a youthful offender and that the amount of methamphetamine involved was only residue. He also contends that his drug problem should be considered as a mitigating factor rather than an aggravating factor. The record demonstrates that the sentencing court adequately considered the factors listed in La.C.Cr.P. art. 894.1 and adequately articulated for the record the considerations for the sentence imposed. Prior to sentencing, the court reviewed a presentence investigation report setting forth the defendant's age, family history and criminal record. The court noted that the defendant had a 1992 conviction for simple burglary in which he was given a 32 month suspended sentence and placed on 36 months active, supervised probation. The defendant was on probation for the simple burglary conviction when he committed the present offense. The court stated that there was an undue risk that the defendant would commit another offense if given a suspended or that the defendant would commit another offense if given a suspended or probated sentence. The court noted that the defendant had a criminal record as a juvenile, but the PSI did not disclose what offenses had been committed. The court found that there were no mitigating factors and considered as an aggravating factor the defendant's serious drug problem. The court noted that the defendant's parents had arranged bond for him but because of his continued drug use, surrendered him while awaiting further court proceedings. The court found that the defendant was in need of correctional treatment best provided by a custodial environment and that any lesser sentence than that actually imposed would deprecate the seriousness of the offense. The judge noted that defendant's plea bargain secured dismissal of the firearms charge.
On this record, we do not find that the district court abused its broad discretion and the sentence imposed is not unconstitutionally excessive. This healthy, mature, single, second felony offender presents no special circumstances. His continued abuse of controlled dangerous substances while on bail pending further proceedings and his commission of the present offense while on probation place him within that class of offenders for whom a maximum sentence is appropriate. He received a substantial benefit from his plea bargain, including the prosecution's agreement not to seek sentence enhancement as a repeat offender. The sentence *596 imposed does not shock the sense of justice and, therefore, is not unconstitutionally excessive. The assigned error lacks merit.
We have reviewed the entire record for error patent and found none.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Matthew Scott Simons.
AFFIRMED.