702 So.2d 18 (1997)
STATE of Louisiana, Appellee,
v.
Veronica Victoria WALKER, Appellant.
No. 29877-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
*19 Indigent Defender Board by John M. Lawrence, Shreveport, for Appellant.
Richard P. Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley R. Graves, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and WILLIAMS and CARAWAY, JJ.
WILLIAMS, Judge.
The defendant, Veronica Victoria Walker, was charged by bill of information with manslaughter, a violation of LSA-R.S. 14:31. After a jury trial, the defendant was convicted as charged and sentenced to serve forty years imprisonment at hard labor. Defendant now appeals, urging that the evidence is insufficient to convict and that the sentence is excessive. We affirm the defendant's conviction. However, we set aside the sentence and remand the case with instructions for resentencing.

FACTS
On January 27, 1996, the defendant visited the home of her former boyfriend, Julian Anthony "Tony" McConnell, to pick up a radio. Upon arriving at Tony's house, the defendant was met at the door by Tiffany Metcalf, Tony's current girlfriend. Tiffany opened the door and allowed the defendant to enter. Tiffany informed the defendant that Tony was in the bathroom. Upset at the fact that Tiffany was at Tony's house, the defendant proceeded to the bathroom where she confronted Tony and an argument ensued. At some point, Tony and the defendant moved from the bathroom to the kitchen where the argument continued.
Once in the kitchen, both Tony and the defendant armed themselves with knives. There is contradictory testimony as to who obtained a weapon first. According to the defendant, as she and Tony were leaving the bathroom, Tony picked up a broom and stated that he was going to beat her. In response to his threat, the defendant armed herself with a knife once they reached the kitchen. After Tony saw the defendant reaching for a knife, he also picked up a knife. In contrast, Tony testified that after they entered the kitchen, the defendant was the first to pick up a knife and afterwards, he armed himself with a large butcher's knife and a broom.
Eventually, Tiffany entered the kitchen and questioned the defendant about names that she had been called by the defendant. Subsequently, Tiffany and the defendant began to struggle. There is conflicting testimony as to what occurred next. According to the defendant, the incident occurred in the kitchen. Tony held her while Tiffany continued to hit her. Feeling afraid and outnumbered, the defendant started swinging the knife, subsequently stabbing Tiffany.
Tony testified that he stopped the fight between Tiffany and the defendant and, in an effort to get the defendant to leave, he pushed her into the bedroom adjacent to the kitchen and toward the front door. Tony *20 and Tiffany followed the defendant into the bedroom. While in the bedroom, the defendant reached over and stabbed Tiffany.
After the stabbing, the defendant ran from the house and went to the home of a friend, Isaiah Thomas, Sr. After talking to Thomas, the defendant turned herself in to the police. The defendant was not aware that Tiffany Metcalf had died as a result of the stabbing until she met with the police. According to the coroner's report, the victim died from a single stab wound to the chest. The object used penetrated the heart causing her to bleed to death.
Initially, the defendant was arrested and charged with second degree murder. Subsequently, the defendant was charged by bill of information with manslaughter. She was convicted as charged and sentenced to forty years imprisonment at hard labor. The defendant's timely filed motion to reconsider sentence was denied by the trial court. The defendant appeals.

SUFFICIENCY OF THE EVIDENCE
The defendant argues that the evidence produced at trial was insufficient to support her conviction of manslaughter. More specifically, she contends that the facts presented at trial show that she acted in self-defense.
LSA-R.S. 14:31 defines manslaughter as a homicide which would be murder but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control or cool reflection. LSA-R.S. 14:20 provides that a homicide is justifiable when committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger. However, a person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict. LSA-R.S. 14:21. A defendant who raises self-defense as a justification for his or her act does not have the burden of proof on that issue. Because of its burden to prove a criminal act, the state must show beyond a reasonable doubt that the crime was not committed in self-defense. State v. Harvey, 26,613 (La.App.2d Cir. 01/25/95), 649 So.2d 783.
The proper standard of review for a claim of insufficient evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). There is questionable, as well as contradictory, testimony concerning the facts surrounding the incident. Whenever there is conflicting testimony as to factual matters, the determination of credibility of the witnesses is within the sound discretion of the trier of fact. This factual determination will not be disturbed on review unless clearly contrary to the evidence. State v. Taylor, 621 So.2d 141 (La.App. 2d Cir.1993); State v. Mussall, 523 So.2d 1305 (La.1988).
In the present case, Tony McConnell's testimony concerning the events that occurred at the time of the stabbing, although contradictory to defendant's testimony, coincide with the incident reports filed by investigating officers of the Bossier City Police Department. Tony testified that he had broken up the struggle that took place in the kitchen between the defendant and Tiffany. He pushed the defendant into the middle bedroom and towards the front door in an attempt to get the defendant to leave the house. Tony and Tiffany followed the defendant into the bedroom, where the defendant stabbed Tiffany once in the chest. However, the defendant testified that the incident occurred in the kitchen. It is undisputed that the victim was never armed with any type of weapon during this incident.
According to the incident reports, when the officers arrived on the scene to collect and process evidence, the weapon used in the stabbing, a steak knife, and the victim's bloody clothes, were found in the middle bedroom along with blood stains on the carpet. *21 Thus, the physical evidence is consistent with Tony's testimony.
The defendant argues that she was outnumbered and, out of fear for her life, she acted in self-defense. However, we note that when Tony pushed the defendant into the middle bedroom and towards the front door in an effort to get the defendant to leave, she did not take advantage of this opportunity. Instead, the defendant chose to stay and face the turmoil. On the basis of the testimony concerning the defendant's behavior and the law enforcement officer's description of the crime scene, the jury could reasonably have found that the defendant was not acting in self-defense when she stabbed the victim.
The evidence viewed in the light most favorable to the prosecution is sufficient for a rational trier of fact to find that the essential elements of the crime of manslaughter are proven beyond a reasonable doubt. The defendant's assignment of error is without merit.

EXCESSIVE SENTENCE
The defendant next urges that the sentence imposed by the trial court is excessive and should be reversed. A trial court has wide discretion to sentence within statutory limits. State v. Simons, 29,544 (La. App.2d Cir. 5/7/97), 694 So.2d 593. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Simons, supra. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. State v. Caraway, 28,769 (La.App.2d Cir. 10/30/96), 682 So.2d 856.
To evaluate a sentence for excessiveness, an appellate court uses a two-prong test. First, this court must examine whether the record demonstrates adequate consideration of the criteria set forth in LSA-C.Cr.P. Art. 894.1. Under the statute, the trial court must state for the record the considerations taken into account and the factual basis for the sentence imposed. Next, this court must determine if the sentence is constitutionally excessive.
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied 521 So.2d 1143 (La.1988).
In regard to the first prong of the test, the trial court, in sentencing the defendant, opined that the defendant was guilty of a more serious offense than manslaughter. However, other than mentioning that the defendant was a "youthful offender," no mitigating circumstances are mentioned. Also, no specific facts about the defendant, such as age or social history are given. There was no evidence presented at trial to support the trial court's opinion that the defendant contemplated her actions. Although we disagree with the trial court's conclusion, we find that there was adequate compliance with LSA-C.Cr.P. Art. 894 to allow this court to make a determination of whether the sentence is too severe given the circumstances of the case and the background of the defendant.
A sentence violates La. Const. Art. 1 Sec. 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 *22 So.2d 1276 (La.1993); State v. Caraway, supra. A sentence may be reviewed for excessiveness even though it is well within statutory limits. State v. Fountain, 93-2561 (La. App. 4th Cir.12/15/94), 647 So.2d 1254. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Simons, 29,544 (La.App.2d Cir. 5/7/97), 694 So.2d 593.
As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Caraway, 28,769 (La.App.2d Cir. 10/30/96), 682 So.2d 856; State v. Cook, 598 So.2d 481 (La.App.2d Cir.1992); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). The sentencing court is charged with reviewing the circumstances surrounding the offense and should impose a sentence fitting the defendant's conduct. State v. Cook, supra.
The Presentence Investigation Report (PSI) reflects that the defendant has one previous felony conviction for terrorizing. This charge was the result of a prank telephone call of a bomb threat while the defendant was a student in high school. There is nothing reported in defendant's history which shows a propensity towards violence. The present offense occurred before defendant's twenty-first birthday. The youth of the defendant reflects upon her culpability for her actions as well as her potential for rehabilitation. State v. Freelon, 655 So.2d 687 (La.App. 2d Cir.1995). Also, during sentencing, the defendant stated that she and her ex-boyfriend, Tony, had spent a lot of time together that week and she did not know that the victim was living with him. While this information does not excuse the defendant's behavior, it tends to explain her anger and initial reaction upon entering Tony's home.
According to the record, the defendant went to Tony's house to pick up a radio, not to fight with anyone. Also, the testimony presented at trial supports the finding that the victim somewhat provoked the defendant's criminal conduct. The victim, Tiffany Metcalf, approached the defendant during the argument between the defendant and Tony. According to Tony, Tiffany "ran into" the defendant, initiating a confrontation.
After a thorough review of this record, we conclude that this defendant cannot be considered the "worst type of offender." The sentence imposed shocks our sense of justice. Therefore, the trial court abused it's discretion in sentencing the defendant to the statutory maximum sentence of forty years at hard labor. We find that the maximum sentence we could affirm for this offense and this offender is twenty years at hard labor. The case is remanded for resentencing in accord with this opinion.

CONCLUSION
For the reasons stated above, the defendant's conviction is affirmed. The sentence is vacated and the case is remanded to the district court for resentencing in accord with this opinion.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.