Judgment rendered March 9, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,217-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

LORENZO ZACHERY ZEIGLER                     Appellant

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 16-F0917

Honorable Larry Donell Jefferson, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Edward K. Bauman

ROBERT STEPHEN TEW                     Counsel for Appellee
District Attorney

DARWIN CLAYTON MILLER
RICKY D SMITH
Assistant District Attorneys

* * * * *

Before STONE, COX, and STEPHENS, JJ.

COX, J., concurs in part, and dissents in part, with written reasons.

**STONE, J.**

This criminal appeal comes to us from the Fourth Judicial District Court, the Honorable Judge Larry D. Jefferson presiding. Lorenzo Zachery Zeigler ("Zeigler"), was charged with second degree murder, in violation of La. R.S. 14:30.1. Zeigler elected to have a bench trial and was found guilty of manslaughter, in violation of La. R.S. 14:31. He was subsequently sentenced to 25 years of imprisonment at hard labor with credit for time served.

He now appeals his conviction and sentence.

## FACTS

In April 2016, Zeigler, his sister Katherine Zeigler ("Katherine), and Katherine's fiancé, Mario Wiley ("Wiley"), resided in a family home left to Zeigler and Katherine by their mother upon her death. Other residents of the home included Katherine's two young children and Quenterius Foster ("Foster"), a nephew of Zeigler and Katherine.

On the evening of April 10, 2016, Zeigler, age 54, shot and killed Wiley, age 26, in the backyard of the family home. Earlier that day, Zeigler left the residence in his vehicle. An unspecified time later, Katherine, her children, Foster, and Katherine's friend, Kaci Maza ("Maza"), left and went to the store. Wiley remained in the home with Chris Jarrell ("Jarrell"), who was giving him a tattoo when Zeigler returned home. It is undisputed that upon his return to the house, Zeigler ordered Wiley and Jarrell[1] to leave the premises because of the odor from the tattoo process. A verbal exchange ensued between Zeigler and Wiley, and Wiley escalated it to a physical

---

[1] The record indicates Jarrell left the premises immediately.

altercation. Wiley struck Zeigler multiple times in the face and head causing him to bleed heavily onto his shirt.

While the beating was ongoing, Katherine, her two young children, Foster, and Maza returned from the store. Katherine entered the residence to find Zeigler on the closet floor with his head slumped over, while Wiley repeatedly punched him. Katherine and Foster intervened, stopping the physical assault. Katherine took Wiley outside, and Foster helped Zeigler to his feet. Minutes later, Zeigler came outside armed with a shotgun and aimed it at Wiley. Katherine and Foster pleaded with Zeigler to put the shotgun down, and he lowered the weapon.[2] Wiley unexpectedly pushed Katherine to the ground, whereupon Zeigler shot Wiley in the chest. Wiley fell to the ground, and Zeigler went back into the house, while Katherine called the police and attempted to render aid. When law enforcement officers arrived, Zeigler was taken into custody and later arrested.

At trial, the State called a total of 6 witnesses, including Katherine, Foster, and Maza. The autopsy report was introduced into evidence, and it showed that Wiley's cause of death was a single gunshot wound to the chest. The abrasions and contusions observed on his hands and wrists were consistent with a physical altercation. The toxicology report showed that Wiley tested positive for amphetamines, methamphetamine, cocaine, and marijuana. Katherine testified that Wiley had been prescribed Seroquel because he was bipolar, but had not taken the it for 9 months.

At the conclusion of the trial, Zeigler was found guilty of manslaughter. On November 7, 2019, he was sentenced to 25 years

---

[2] Wiley did not have a weapon in his possession.

imprisonment at hard labor with credit for time served. On November 13, 2019, he filed a motion to reconsider sentence and a motion for appeal. On September 28, 2020, the trial court denied the motion to reconsider sentence and granted the motion for appeal.

Zeigler appeals his conviction and sentence, asserting the following assignments of error: (1) the trial court imposed an excessive sentence when it failed to adequately consider mitigating factors including his age and health and (2) the trial court imposed an unconstitutionally excessive sentence.

## DISCUSSION

Zeigler argues that the sentence of 25 years is an excessive sentence because the trial court considered only 3 of the 33 sentencing factors enumerated in La. C.Cr.P. art. 894.1. The state argues that Zeigler benefited because the trial court found him guilty of manslaughter rather than second degree murder and imposed a midrange sentence. It contends that the trial court detailed its reasoning, including the analysis of the applicability of the aggravating and mitigating circumstances enumerated in La. C.Cr.P. art. 894.1.

**La. C.Cr.P. art. 894.1**

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. West*, 53,526 (La. App. 2 Cir. 6/24/20), 297 So. 3d 1081; *State v. Sandifer*, 53,276 (La. App. 2

3

Cir. 1/15/20), 289 So. 3d 212; *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.11, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Lee*, 53,461 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1270, *writ denied*, 20-00582 (La. 10/14/20), 302 So. 3d 1113; *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498; *State v. DeBerry*, *supra.* The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 19-01659 (La. 12/10/19), 285 So. 3d 489.

At the sentencing hearing, the trial court complied with La. C.Cr.P. art. 894.1. It reviewed the PSI, the facts of the case, and the victim impact statements. While the trial court did not provide a detailed analysis of the statutory sentencing guidelines, it clearly articulated a factual basis for the sentence imposed. The trial court found that the offense resulted in a significant permanent injury to the victim and his family; Zeigler used a dangerous weapon; Zeigler acted under strong provocation; and Wiley

4

provoked Zeigler's conduct by beating him severely.[3] The judge also noted that Zeigler has a present drug charge pending. Although we disagree with the trial court's conclusion, we find that there was adequate compliance with La. C.Cr.P. art. 894.1 to allow this court to determine whether the sentence is too severe given the circumstances of the case and the background of the defendant.

**Unconstitutional Excessiveness: Gross Disproportionality**

As to the excessiveness, Zeigler argues that the 25-year sentence is unconstitutionally excessive because the trial court failed to consider mitigating factors including his age and health. Zeigler contends that the pre-sentence investigation report ("PSI") did not address his health concerns. Moreover, his medical history shows that Zeigler has one lung, diabetes, high blood pressure, and kidney issues. Zeigler emphasizes that he was 54 years old when the incident occurred and is a first-time felony offender. The state argues that the trial court did take the age difference between Zeigler and Wiley into consideration.

La. R.S. 14:31(B) provides, in pertinent part, that a person found guilty of manslaughter "[s]hall be imprisoned at hard labor for not more than forty years."

Even if a sentence is within statutory limits, it can be vacated for constitutional excessiveness. *State v. Sepulvado,* 367 So. 2d 762 (La 1979); *State v. Smith*, 839 So. 2d 1 (La. 2003). A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or

---

[3] Additionally, the trial court recounted Zeigler's criminal history, noting that his prior convictions were misdemeanors, namely, driving while intoxicated and disturbing the peace charges in the 1980's,1990's and early 2000's timeframe.

nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. West*, *supra; State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18), 254 So. 3d 1208.

The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. West*, *supra; State v. Valadez*, 52,162 (La. App. 2 Cir. 8/15/18), 251 So. 3d 1273; *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764; *State v. Allen*, *supra*.

Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. *State v. Walker,* 29, 877 (La. App. 2 Cir. 10/29/97), 702 So. 2d 18; *State v. Caraway,* 28,769 (La. App. 2 Cir. 10/30/96), 682 So. 2d 856, *writ denied,* 99-2532 (2/18/00), 754 So. 2d 964.

An appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 766 So. 2d 501 (La. 2000). While a comparison of sentences imposed for similar crimes may provide insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Coward*, 19-869 (La. App. 3 Cir. 5/20/20), 298 So. 3d 260 *writ denied*, 20-00769 (La. 10/14/20), 302 So. 3d 1123 *citing State v. Batiste,* 594 So. 2d 1 (La. App. 1 Cir. 1991).

Considering the totality of the circumstances, Zeigler's 25-year sentence for manslaughter is grossly disproportionate to the seriousness of the offense. Zeigler's health was not in the PSI considered by the trial court. Furthermore, it incorrectly understated his age by 5 years.

This is a tragic case based on poor decisions. Both parties made catastrophic errors. The facts render this sentence excessive, more specifically, the following:

1. Zeigler was 54 years old, and Wiley was 26 years old.

2. Zeigler had serious health conditions, whereas Wiley was former military, athletic, and in seemingly good physical health.

3. The shooting occurred at Zeigler's home after Wiley refused to leave pursuant to Zeigler's demand.

4. Wiley was diagnosed with bipolar depression and had not taken his prescribed medication for a period of five months. However, he was self-medicating with methamphetamine, cocaine and marijuana.

7

5. Testimony at trial abundantly proved that Wiley provoked Zeigler by bludgeoning him to the point of profuse bleeding and temporary inability to stand.

6. Wiley was the aggressor in beating Zeigler.

7. According to all the witness testimony there was only a 3-5-minute lapse between the beating and the subsequent shooting.

8. According to witness testimony, Zeigler had lowered his weapon until Wiley shoved Katherine to the ground; only then did Zeigler shoot.

Under the circumstances of this case, the imposition of the 25-year sentence at hard labor is so grossly disproportionate that it shocks the sense of justice. Pursuant to La. C.Cr.P. art. 881.4(A), this Court may provide direction regarding a constitutionally reasonable sentence in a given case. Considering the factual circumstances of this case, we suggest a minimum sentence of 10 years at hard labor, and the maximum sentence we can affirm for this offense and this offender is 20 years at hard labor that would adequately punish Zeigler. This case is remanded for resentencing in accord with this opinion.

## CONCLUSION

For the foregoing reasons, the defendant's conviction is affirmed. However, the sentence of 25 years at hard labor for manslaughter is vacated, and the case is remanded to the district court for resentencing in accord with this opinion.

**CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING**

8

**COX, J., concurring in part, and dissenting in part.**

I concur in the majority's opinion affirming Mr. Lorenzo Zachery Zeigler's ("Mr. Zeigler") conviction, but I must respectfully dissent from their ruling on sentencing.

In this case, Mr. Zeigler appeals both his conviction and sentence of 25 years at hard labor with credit for time served for manslaughter. The majority vacates his sentence as excessive. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996); *State v. Jackson*, 51,575 (La. App. 2 Cir. 9/27/17), 244 So. 3d 764. Although a trial court's decision on sentencing may not be the sentence another judge would impose, the trial court's decision should remain undisturbed unless it is manifestly erroneous.

Here, the trial court sentenced Mr. Zeigler to 25 years at hard labor, slightly more than a mid-level sentence, for manslaughter, which carries a sentencing range of up to 40 years. Given the underlying facts in this case, particularly, that Mr. Zeigler was found guilty of manslaughter rather than second degree murder, the trial court was well within its discretion in imposing this sentence. Accordingly, I see no manifest error in the trial court's sentencing in this matter. I must respectfully dissent from the majority and would affirm Mr. Zeigler's sentence.

1