JASPER E. JONES, Judge.
Defendant, Gregory S. Nolan, appeals his conviction of distribution of a controlled dangerous substance in violation of LSA-R.S. 40:967 following his plea of guilty to this charge.[1] Appellant makes three assignments of error which raise the following issues:
1) Was it error for the district judge to decline to consider a motion for new trial made following a guilty plea;
2) Did the district judge abuse his discretion in denying defendant’s motion to withdraw his guilty plea.
For the reasons set out below we affirm.

Facts

Defendant was arrested pursuant to a warrant issued January 21, 1987, based on his alleged sale of amphetamines to an undercover police officer. Defendant was arraigned on January 27, 1987, at which time he entered a plea of not guilty.
Defendant’s retained counsel then entered into plea bargain negotiations with *779 the state. A tentative arrangement for a plea to an attempt was negotiated. However, on the trial date the state refused to accept such a plea because the defendant had allegedly not confirmed his acceptance of the proposed plea within the time allowed. The state took the position that it would accept no plea except guilty as charged.
During a recess requested by defendant, defense counsel and the assistant district attorney advised the court of the foregoing facts. The court was also advised that the state was agreeable to defendant’s being sentenced as if he had pleaded to an attempt if he pleaded guilty as charged. The court declined to become a party to the agreement but did advise defense counsel that it would sentence him as if it were a plea to an attempt.
Following the recess the defendant announced his desire to change his plea to guilty and the district judge accepted the plea. Sentencing was set for May 8, 1987. On the morning of May 8, 1987, defendant contacted his present counsel who appeared with him at sentencing. The court granted defendant’s motion to substitute counsel. Defendant’s new counsel then filed a “Motion for New Trial and/or to Set Aside Plea.” The district judge denied the request for a new trial as “untimely” and denied-the motion to withdraw the guilty plea. The court then imposed a sentence of eighteen months at hard labor. This appeal followed.

Issue #1

Defendant contends the district judge erred in declining to consider his motion for a new trial upon grounds that it was “untimely.” In ruling on the motion the district judge found the motion “untimely” as there had been no trial.
Where the defendant has pleaded guilty a motion for new trial is inappropriate but should be treated as a motion to withdraw a guilty plea. State v. Jenkins, 419 So.2d 463 (La.1982).
Though the trial judge described the motion for new trial as “untimely” the record shows that the basis for his decision was proper, namely, that such a motion is not appropriate after a guilty plea. Further, the district judge went on to consider and rule on the alternative motion to withdraw the guilty plea which was based on the same grounds. Thus, the merits of the motion were properly considered as a motion to withdraw the guilty plea. State v. Jenkins, supra.

Issue #2

Defendant argues that he should have been allowed to withdraw his guilty plea.
A defendant does not have an absolute right to withdraw a previously entered guilty plea. State v. Mangano, 464 So.2d 1032 (La.App. 1st Cir.1985). The discretion to permit withdrawal of a guilty plea is vested in the trial judge but that discretion may not be exercised in an arbitrary manner. State v. Delgado, 388 So.2d 384 (La.1980).
Defendant suggests that he should have been allowed to withdraw his guilty plea because it was not knowingly and intelligently made. The record does not support this argument.
Before the defendant’s guilty plea was accepted he was examined under oath by the district judge. This examination showed that defendant was twenty-nine years old, had a ninth grade education and could read and write. After ascertaining this information the district judge gave defendant brief explanations of his rights and inquired as to his understanding of those rights. The district judge also explained to the defendant the maximum exposure resulting from a plea of guilty to distribution of a controlled dangerous substance. The defendant’s responses to the court indicated an understanding of his rights and the effect of a guilty plea upon them.
At the conclusion of this colloquy the district judge found defendant’s plea of guilty to be knowingly and intelligently tendered. The record fully supports that finding.
The defendant also contends that his guilty plea should be set aside because he entered it believing that he was pleading guilty to an attempt to distribute a controlled dangerous substance pursuant to a plea bargain and that his responses to the *780 district judge during the colloquy were based on signals from his counsel.
The contention that the defendant believed his plea was only to an attempt is defeated by the record. The colloquy between the judge and defendant includes the following passage:
The Court: Uh there has been some talk uh in your case about the possibility of a plea bargain which they were talking about and you understand that that’s all gone at this time, don’t you?
Mr. Nolen: Yes sir. (R.p. 34). (sic)
Here defendant acknowledged that there was no plea bargain and his current protestations that he thought he was pleading guilty pursuant to a plea bargain were properly rejected by the district judge.
The contention that defendant responded to the court’s questions based on signals from his counsel is not supported by the record. There is no indication that the district judge observed any signals being passed between defendant and his counsel and we are confident that had the judge observed such conduct he would have addressed it on the record. This contention is contrary to defendant’s sworn statements to the court that he understood the rights explained to him. This contention was properly rejected by the district judge.
Defendant also contends that his guilty plea is invalid because there is no factual basis for the conviction. However, because the defendant’s guilty plea was validly entered he has waived any right to question the merits of the state’s case and the factual basis of his conviction. State v. Harden, 506 So.2d 1265 (La.App.2d Cir.1987).
There was no error by the trial judge in denying the motion to withdraw the guilty plea.

Conclusion

The defendant’s assignments of error are without merit and his conviction and sentence are affirmed.

. Defendant does not attack his sentence of eighteen (18) months at hard labor.