682 So.2d 856 (1996)
STATE of Louisiana, Appellee,
v.
David CARAWAY, Appellant.
No. 28769-KA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1996.
*857 Truett West, Farmerville, for Appellant.
Richard P. Ieyoub, Attorney General, Robert Levy, District Attorney, Scott Killen, Assistant District Attorney, for Appellee.
Before HIGHTOWER, WILLIAMS and GASKINS, JJ.
WILLIAMS, Judge.
The defendant, David Caraway, was indicted by a Union Parish grand jury for the offense of second degree murder, a violation of LSA-R.S. 14:30.1. Pursuant to a plea agreement, the defendant entered a plea of guilty to manslaughter, a violation of LSA-R.S. 14:31. The trial court sentenced the defendant to serve 21-years at hard labor, the maximum sentence at the time of the offense. The defendant was granted an out-of-time appeal and urges that the sentence is excessive. For the following reasons, we affirm.

FACTS
On the evening of August 26, 1990, defendant drove to the residence of his former wife, Carey Sue Caraway, to pick up their thirteen-year-old son, Christopher, after the mother's weekend custody visitation with her son. The defendant's former wife resided with Bob Rhodes ("Rhodes") in Spearsville, Louisiana. The defendant and Rhodes had been involved in at least one prior physical confrontation. Defendant routinely kept a.22 caliber semi-automatic pistol in his truck.
The defendant's former wife came out to the truck and they began arguing about the visitation schedule. Christopher was in the passenger seat and defendant was behind the wheel of his truck. According to the defense, Rhodes approached the truck holding a derringer in his hand. However, he apparently gave the gun to Ms. Caraway in order to throw a drink into defendant's face. Rhodes then reached into the truck, climbing over and hitting Christopher several times in the process. The defendant admitted that Rhodes did not have a gun at this point, and the police did not recover any weapon from Rhodes' body or at the scene.
Defendant and Rhodes fought for control of the defendant's pistol, which was lying on the truck seat. Defendant claimed he secured the weapon and was trying to unload it when Rhodes somehow aimed the gun toward *858 Christopher and threatened to kill them both. Defendant stated that during this struggle, the gun accidentally discharged and fatally wounded Rhodes.
According to the prosecution, Rhodes approached the truck from the passenger side and attempted to intervene in the argument between defendant and his former wife. Defendant fired his revolver at Rhodes, striking him three times. Defendant's former wife testified that after the first shot the victim clutched his chest and slumped slightly. After a brief delay, defendant fired two more shots. An autopsy confirmed that Rhodes was shot in the left chest, the right chest and in his abdomen while standing beside the truck. Rhodes was transported to Tri-Ward Hospital in Bernice, but was pronounced dead on arrival.
Defendant was indicted for second degree murder, but pled guilty to a reduced charge of manslaughter. In January 1993, after a sentencing hearing, the trial court sentenced the defendant to serve 21-years at hard labor. Subsequently, defendant filed a motion for an out-of-time appeal, which was denied by the trial court. The defendant applied to this court for a supervisory writ of review, and we directed the trial court to grant an appeal regarding the original assignment of error complaining of a constitutionally excessive sentence. State v. Caraway, 28,498-KH (La.App. 2d Cir. 12/19/95). This appeal followed.

DISCUSSION
The defendant argues the trial court erred in imposing an excessive sentence. He contends the trial court mistakenly concluded that defendant received leniency as a result of the plea bargain, although new evidence indicates that the victim was armed and that the circumstances of the shooting would not have supported a conviction for second degree murder. Defendant also argues the trial court failed to adequately consider the possibility that the shooting was in fact accidental.
A validly entered guilty plea waives any right the defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Nolan, 521 So.2d 777 (La.App. 2d Cir.1988). In the present case, the defendant does not challenge the validity of his guilty plea. The trial judge noted that, depending on a jury's determination of the evidence, defendant could have been acquitted or found guilty of second degree murder. In his brief to this court, the defendant refers to affidavits indicating that the victim possessed a small gun shortly before he was shot. The trial court considered testimony that the victim was carrying a firearm at one point, but did not find it persuasive. In addition, the police did not find a weapon on the victim's person or at the scene. The fact that the defendant fired three shots weighs against a finding that the shooting was accidental. The defendant's arguments lack merit. We now examine the sentence for constitutional excessiveness.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, supra.
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion *859 in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
Here, the trial court considered the defendant's background and mitigating circumstances, including defendant's exemplary character references, the fact that defendant did not have an adult criminal record, that his juvenile record was not significant and that there was some victim inducement in the shooting. However, the trial judge also noted that this was a serious offense and that a jury could have found defendant guilty of second degree murder.
Regarding the conflicting witness statements about the event that had transpired, the trial court concluded there had been prior difficulties between the defendant and the victim, that the defendant possessed a loaded weapon and went to the scene prepared for a confrontation. At the sentencing hearing, the trial judge heard the testimony of defendant and his son and observed their demeanor. The trial judge concluded that Christopher's testimony was somewhat deceptive and that defendant's version of the incident was not credible.
Viewing the evidence in the light most favorable to the prosecution, the defendant could have been found guilty of second degree murder, which carries a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The record contains adequate reasons for the imposition of this sentence, which is within the statutory sentencing range for the offense of conviction. The sentence imposed is neither grossly out of proportion to the seriousness of the offense nor does it shock the sense of justice. We cannot say that the sentence is constitutionally excessive. Therefore, we conclude that the trial court did not abuse its discretion in sentencing this defendant. The assigned errors lack merit.
We have examined the record for error patent and note that although the defendant was sentenced while the Louisiana Sentencing Guidelines were in effect, the trial court did not refer to them. Although this omission could have resulted in a remand for resentencing under prior jurisprudence, e.g. State v. Kelly, 621 So.2d 33 (La.App. 2d Cir.1993), to do so now would not serve any purpose since the guidelines were repealed by Acts 1995, No. 942, effective August 15, 1995. Even prior to their repeal, the guidelines were advisory to the sentencing judge, and a sentence was not excessive solely due to the failure of the judge to impose a sentence in conformity with the guidelines. State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992).
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. We note that the trial court incorrectly informed defendant that he had "three years from this date" in which to file any application for post-conviction relief. The three year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922. We direct the trial court to send appropriate written notice to defendant within ten days of the rendition of this opinion and to file proof of defendant's receipt thereof in the record of the proceedings. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).
The defendant's conviction and sentence are affirmed.
AFFIRMED.