704 So.2d 832 (1997)
STATE of Louisiana, Appellee,
v.
Leonard CARTER, Appellant.
No. 29972-KA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1997.
*833 Laura O. Wingate, Milton, Allan Ray Harris, Shreveport, Amy Ellender, Mer Rouge, for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Michael Powell, Assistant District Attorney, for Appellee.
Before WILLIAMS and PEATROSS, JJ., and PRICE, J. Pro Tem.
WILLIAMS, Judge.
The defendant, Leonard Carter, was charged by bill of information with distribution of marijuana, a violation of LSA-R.S. 40:966(A)(1). After a jury trial, the defendant was convicted as charged and sentenced to serve twenty years at hard labor. The defendant appeals, urging that the evidence is insufficient to support a conviction of distribution of marijuana and that the sentence is excessive. We affirm the defendant's conviction. However, the sentence is vacated and the case is remanded to the district court for resentencing.

FACTS
On June 8, 1996, Shreveport police officers Russell Sarpy and John Gallion, agents with the Drug Enforcement Administration Task Force, were working undercover with the Street-Level Interdiction Unit. The officers were patrolling the 900 block of Picket Street in Shreveport, Louisiana, when they encountered the defendant, Leonard Carter, sitting on the porch at a residence located at 926 Picket Street. From this point forward, the testimony of the officers and the defendant offer totally different perspectives as to the facts of this case.
According to the officers, the defendant flagged them down as they approached the residence located at 926 Picket Street. The officers informed the defendant that they were interested in buying crack cocaine. The defendant said that he did not have any crack cocaine, and instead, offered to sell the officers marijuana cigarettes for two dollars each. After the officers agreed to buy the marijuana cigarettes, the defendant went into the house located at 926 Picket Street and returned with seven marijuana cigarettes. The defendant gave the officers six of the cigarettes, and kept one for himself. The officers gave the defendant fourteen dollars for the cigarettes.
Subsequently, the defendant was arrested by the surveillance team that was present at the scene. A field test confirmed that the cigarettes contained marijuana. Officer Brian Wheeler, a member of the surveillance team, testified that he discovered one marijuana cigarette in defendant's possession at the time defendant was apprehended.
Defendant testified that the officers stopped their vehicle in front of the residence located at 926 Picket Street and motioned for someone to come to the vehicle. The defendant approached the vehicle and the driver of the vehicle asked the defendant if he would sell him some drugs. The defendant informed the officer that he did not sell drugs. The driver gave the defendant fourteen dollars and asked the defendant to solicit drugs from someone who did sell drugs. The defendant took the money and went inside the residence located at 926 Picket Street where he remained for approximately fifteen minutes, returning outside only after he thought the officers had driven away. After returning outside, the officers again asked defendant about selling them some drugs. The defendant had seven marijuana cigarettes in his possession for his personal use. He replied that he did not have any drugs to sell, but he was waiting for someone who might *834 have drugs to sell to return to the house. Shortly thereafter, the surveillance team emerged and defendant attempted to escape. While attempting to escape, the defendant emptied his pockets of the money that he had received from the officers and all of the marijuana cigarettes except one. Defendant was apprehended and arrested.
The defendant was charged by bill of information with distribution of marijuana. He was convicted as charged and sentenced to serve twenty years at hard labor. The defendant's timely filed motion to reconsider sentence was denied. He also unsuccessfully filed motions for post verdict judgment of acquittal and a new trial. The defendant appeals his conviction and sentence.

DISCUSSION

Sufficiency of the Evidence
The defendant contends that the evidence presented at trial was insufficient to support his conviction of distribution of marijuana. He argues that the state failed to prove that he delivered marijuana cigarettes to the undercover officers.
LSA-C.Cr.P. art. 821 provides that a motion for post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. This is a question of legal sufficiency. State v. Combs, 600 So.2d 751 (La.App. 2d Cir.), writ denied, 604 So.2d 973 (La.1992). Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard for appellate review of a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).
In order to convict the defendant of distribution of marijuana, LSA-R.S. 40:966(A)(1) requires the state to prove beyond a reasonable doubt that the defendant knowingly or intentionally distributed marijuana, a Schedule I controlled dangerous substance.
In the present case, Officers Russell Sarpy and John Gallion testified at trial that they purchased marijuana cigarettes from the defendant for fourteen dollars. The money used to purchase the drugs had been photocopied prior to the purchase. Officer Sarpy identified a state's exhibit as a photocopy of the money used to purchase marijuana from the defendant and testified that the money found on the defendant at the time of his arrest matched the photocopied money.
The officers testified that the defendant kept one of the seven cigarettes that they purchased from him as a gratuity. Officer Brian Wheeler reported that he recovered one marijuana cigarette from the defendant when he was apprehended.
According to the defendant's account of the events, he had seven marijuana cigarettes in his possession on the date of his arrest but they were for his own personal use and not for sale. Defendant admits that he took fourteen dollars from the officers. However, the defendant testified that his intention was to "rip off " the officers, i.e., to keep the money without delivering any drugs. The defendant contends that there is no evidence that he distributed or intended to distribute marijuana.
Whenever there is conflicting testimony as to factual matters, the determination of the credibility of the witnesses is within the sound discretion of the trier of fact. This factual determination will not be disturbed on review unless clearly contrary to the evidence. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Taylor, 621 So.2d 141 (La.App. 2d Cir.1993). The testimony and the evidence presented at trial were sufficient to prove that the defendant knowingly or intentionally distributed marijuana to the undercover officers. Apparently, the jury rejected the defendant's explanation of the reason he approached the officers' vehicle and how he came into possession of seven marijuana cigarettes, the exact number of cigarettes that the officers testified they had asked to buy from him. The record supports the jury's conclusion of the defendant's guilt. The defendant's argument is without merit.

*835 Motion for New Trial

The defendant argues that the trial court erred in denying his motion for new trial. Defendant urges insufficiency of the evidence as the ground for his motion for new trial.
LSA-C.Cr.P. art. 851(1) provides that the court shall grant a motion for new trial whenever the verdict is contrary to the law and the evidence, i.e., that the evidence was insufficient to sustain a conviction. A motion for new trial presents only the issue of the weight of the evidence. The refusal to grant a new trial is not subject to appellate review, except for error of law. State v. Mitchell, 26,070 (La.App.2d Cir. 6/22/94), 639 So.2d 391, citing Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
We find no error in the trial court's denial of the motion for new trial. The state's case was proven beyond a reasonable doubt. The denial of the motion for new trial was proper. This assignment lacks merit.

Excessive Sentence
The defendant argues that the sentence imposed by the trial court is excessive. He contends that the trial court failed to comply with LSA-C.Cr.P. art. 894.1 by not considering defendant's personal history or any mitigating circumstances.
LSA-Const. art. 1 Sec. 20 prohibits the imposition of excessive punishment. A trial court has wide discretion to sentence within statutory limits. State v. Simons, 29,544 (La.App.2d Cir. 5/7/97), 694 So.2d 593. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La. 1983); State v. Simons, supra.
An appellate court uses a two-prong test to evaluate a sentence for excessiveness. First, this court must examine whether the record demonstrates adequate consideration of the criteria set forth in LSA-C.Cr.P. art. 894.1. Under this statute, the trial court must state for the record considerations taken into account and the factual basis for the sentence imposed. While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983). The important elements to be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (La.1988).
In the second prong of the test, the court must determine if the sentence is constitutionally excessive. Although a sentence is within the statutory limits, it may still violate a defendant's constitutional right against excessive punishment. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980). The determination of the severity of a sentence is conditioned on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Caraway, 28,769 (La. App.2d Cir. 10/30/96), 682 So.2d 856. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Caraway, supra.
In the present case, the trial court sentenced defendant to serve twenty years at hard labor for distributing six marijuana cigarettes. This sentence is within the statutory sentencing range for the offense. LSA-R.S. 40:966(B)(2) provides that persons convicted of the crime of distribution of marijuana shall be sentenced at hard labor for not less than five nor more than thirty years and shall pay a fine of up to fifty thousand dollars.
In sentencing the defendant, the trial court noted its consideration of defendant's criminal history and the fact that the district attorney had threatened to bill defendant as *836 a habitual offender, thus increasing defendant's exposure to a sixty-year maximum sentence. Although the trial court noted defendant's prior criminal history[1] as a justification for the imposition of the sentence, the judge failed to sufficiently articulate for the record the specifics of the defendant's criminal history. The defendant testified concerning his education, his children and his church affiliation. However, none of these factors were mentioned by the trial court at sentencing.
The trial court failed to order and review a pre-sentence investigation report (PSI) prior to sentencing the defendant. Consequently, the judge did not have the benefit of defendant's personal history, prior criminal history, scholastic history, prospects of rehabilitation or any other pertinent information. The record indicates that the trial court based its imposition of sentence solely upon the fact that the district attorney had threatened to bill defendant as a habitual offender, thus increasing his exposure to a sixty-year maximum sentence.
Because the record does not demonstrate that the sentencing court adequately considered the factors listed in LSA-C.Cr.P. art. 894.1 and does not provide a sufficient factual basis for the imposition of an apparently severe sentence of twenty years at hard labor for this offense, a remand for resentencing is necessary. Upon resentencing, the trial court shall comply with LSA-C.Cr.P. art. 894.1 in determining the appropriate sentence to be imposed.

Error Patent
Defendant's final assignment was a request for this court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993), modified on other grounds, 624 So.2d 1208 (La. 1993). We have examined the record for error patent, LSA-C.Cr.P. art. 920(2), and found none.

CONCLUSION
For the foregoing reasons, the defendant's conviction is affirmed. The sentence is vacated and the case is remanded to the district court for resentencing in accordance with LSA-C.Cr.P. art. 894.1.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
NOTES
[1] During the trial, the defendant testified to previous criminal activity which included convictions in 1987 of simple burglary, 1989 of attempted felony theft, 1993 of possession of a firearm by a convicted felon and 1995 of resisting an officer.