hWILLIAMS, Judge.
The defendant, Joseph Crowder, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1, and second degree battery, a violation of LSA-R.S. 14:34.1. Pursuant to a plea agreement, the charge of second degree battery was dropped and defendant entered a plea of guilty to one count of aggravated battery, a violation of LSA-R.S. 14:34. The trial court sentenced defendant to serve ten years at hard labor. The trial court denied the defendant’s timely filed motion to reconsider sentence. Defendant appeals urging that the sentence is excessive. We affirm.
The record reflects that on August 26, 1996, defendant was involved in a physical altercation with Benita Morgan at defendant’s residence. Greg Coker arrived at the residence and attempted to intervene and stop the altercation. As Coker attempted to help Morgan up from the floor, defendant stabbed Coker in the lower back and in the chest with a pair of scissors. Initially, the defendant claimed that he had been playing with Coker and did not know that Coker had been stabbed. However, the defendant later claimed that he committed the act in self-defense.
An appellate court uses a two-prong test to review claims of excessive sentence. First, there must be an examination of the record to ensure that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The record must reflect that the trial court adequately considered those guidelines in particularizing the sentence to the defendant. However, the trial court need not articulate every aggravating and mitigating circumstance outlined in the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), unit denied, 438 So.2d 1112 (La.1983). In sentencing a defendant, the trial court should consider defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness |2of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143 (La.1988).
The second prong of the test requires a determination of whether the sentence is too severe based on an examination of the circumstances of the offense and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Caraway, 28,769 (La.App.2d *1063 Cir.10/30/96), 682 So.2d 856. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Caraway, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La.App.2d Cir.9/25/96), 682 So.2d 777.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667.
13Prior to imposing sentence, the trial court reviewed a pre-sentence investigation (“PSI”) report. Defendant had prior arrests with multiple convictions for issuing worthless checks, driving while intoxicated, disturbing the peace and one conviction for simple escape. Defendant was on parole when he committed the instant offenses. After committing the instant offenses, defendant was convicted of an unrelated charge of simple battery. The PSI also reveals that defendant received revocations of probation and parole arising from prior convictions.
In sentencing the defendant, the trial court considered the nature and seriousness of the present offense. The tidal court also noted that defendant has a tenth grade education, had been married four times and has three children, with whom he has little, if any, contact. The trial court concluded that a lesser sentence would deprecate the seriousness of the offenses committed. The court found that there was no justification or mitigation for defendant’s behavior and that, if granted a suspended or probationary sentence, defendant is likely to engage in further criminal behavior.
On this record, we do not find that the trial court abused its broad discretion in sentencing this defendant. Considering the circumstances of this case, the period of imprisonment adjudged is not inappropriate for this mature, unemployed, second felony offender. The sentence imposed by the trial court does not shock our sense of justice and is not a needless or purposeless infliction of pain and suffering. Therefore, the sentence imposed is not constitutionally excessive. The assignment of error is without merit.
We have examined the record for error patent and found none.
The conviction and sentence are affirmed.
AFFIRMED.