746 So.2d 711 (1999)
STATE of Louisiana, Appellee,
v.
Leonard CARTER, Appellant.
No. 32,733-KA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1999.
*712 Amy C. Ellender, Louisiana Appellate Project, Mer Rouge, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul Carmouche, District Attorney, Tommy J. Johnson, Assistant District Attorney, Counsel for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
BROWN, J.
Defendant, Leonard Carter, was charged by bill of information with distribution of marijuana, a violation of La. R.S. 40:966(A)(1). After a jury trial, defendant was convicted as charged and sentenced to serve 20 years at hard labor. On appeal, a different panel of this court upheld defendant's conviction but remanded for resentencing because the trial court did not comply with La.C.Cr.P. art. 894.1 by setting out a factual basis for the sentence. State v. Carter, 29,972 (La.App.2d Cir.12/10/97), 704 So.2d 832.
On remand, the district attorney filed a multiple offender bill of information and defendant was found to be a second felony offender. As such, defendant was sentenced to 30 years at hard labor; however, a motion to reconsider sentence was granted and defendant was resentenced as an habitual offender to the statutory minimum term of 15 years at hard labor. Defendant now appeals challenging the multiple offender adjudication and his sentence. We affirm.

DISCUSSION

Multiple Offender Bill
A defendant has the right to know within a reasonable time whether he is going to face enhanced penalties. State v. Broussard, 416 So.2d 109 (La.1982). In cases of alleged unreasonable delay, it is essential to look at the circumstances of each case to determine whether a multiple offender bill was filed timely. The length of the delay is one factor to consider. Other important factors include prejudice to the defendant, reason(s) for the delay and whether there was maliciousness in the delay. Id.
In the present case, defendant was convicted in October 1996 and was sentenced in December 1996. In December 1997, this court vacated the sentence and remanded for resentencing. In March 1998, a multiple offender bill of information was filed.[1] Initially, a multiple offender bill was not filed because the district attorney believed that a 20-year sentence was adequate; however, when the sentence was vacated and the case was *713 remanded for resentencing, the prosecutor took the steps necessary to ensure that defendant would receive what he considered to be a proper sentence. In fact, defendant, although adjudged a multiple offender, received a lesser sentence than that initially imposed.[2]
Under these specific circumstances, the delay was not unreasonable, the prosecutor's actions were not vindictive or malicious, and the delay did not prejudice defendant's ability to defend against the charge.

Noncompliance with La.C.Cr.P. art. 894.1
Defendant asserts the trial judge failed to adequately articulate his reasons for imposing sentence as set out in La. C.Cr.P. art. 894.1. This argument is without merit. The trial court sentenced defendant to the mandatory minimum term allowed by law. A trial court's failure to articulate reasons when imposing a mandatory sentence is not error. When the court has no discretion in sentencing, to require a listing of the factors considered would be an exercise in futility. State v. Koon, 31,177 (La.App.2d Cir.02/24/99), 730 So.2d 503; State v. Williams, 445 So.2d 1264 (La.App. 3rd Cir.1984), writ denied, 449 So.2d 1346 (La.1984).

Excessive Sentence
In the present case, defendant was convicted of selling six marijuana cigarettes for $14 to officers with the drug enforcement task force.[3] La. R.S. 40:966(B)(2) provides that persons convicted of the crime of distribution of marijuana shall be sentenced at hard labor for not less than five nor more than 30 years and shall pay a fine of up to $50,000. Because defendant was adjudicated a second felony offender, he was subject to an enhanced sentence under La. R.S. 15:529.1 of not less than 15 nor more than 60 years. Thereafter, the trial court sentenced defendant to the minimum term of 15 years hard labor, 5 years less than what he had received before he was adjudicated an habitual offender.
Our supreme court stated in State v. Johnson, 97-1906 (La.03/04/98), 709 So.2d 672, 675-676:
It is important to understand the roles both the Legislature and the judiciary have in sentencing persons for their criminal activity. The Legislature has sole authority under the Louisiana Constitution to define conduct as criminal and provide penalties for such conduct. La. Const. art. III, § I; State v. Dorthey, [623 So.2d 1276,]supra at 1280 [(La.1993)]; State v. Taylor, 479 So.2d 339, 341 (La.1985). Acting pursuant to this authority, the Legislature passed the Habitual Offender Law. This Court, on numerous occasions, has held this statute to be constitutional. See, e.g., State v. Dorthey, supra; State v. Badon, 338 So.2d 665, 670 (La.1976). Since the Habitual Offender Law in its entirety is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. Dorthey, supra at 1281 (Marcus, J., concurring); State v. Young, 94-1636 (La.App. 4th Cir.10/26/95), 663 So.2d 525.
Given the above, it is apparent that the Legislature's determination of an appropriate minimum sentence should be afforded great deference by the judiciary. This does not mean, however, that the *714 judiciary is without authority to pronounce a constitutional sentence if it determines that a mandatory minimum sentence is excessive in a particular case. Instead, we have held that courts have the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution, although it falls within the statutory limits provided by the Legislature. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). In State v. Dorthey, supra, this Court recognized that this power extends to the minimum sentences mandated by the Habitual Offender Law. Id. at 1280-81. However, this power should be exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive.
What exists, then, is a delicate balance between the Legislature and the judiciary. On one hand, the Legislature has the constitutional authority to determine the appropriate penalty for a crime. On the other hand, the judiciary has the authority, in the rare case, to declare a sentence within these statutory limits excessive under the facts of a particular case. The issue for this Court is to determine under what rare circumstances a sentencing court should exercise its authority to declare excessive a minimum sentence mandated by the Habitual Offender Law.
. . . .
[T]o rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
`[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.' Young, 94-1636 at pp. 5-6, 663 So.2d at 528 (Plotkin, J., concurring).
The substantive power to define crimes and set punishments lies in the legislature. State v. Dorthey, supra, did not purport to grant a district court the power to usurp that legislative prerogative or to impose what the court believes is the most appropriate sentence for a particular offender in a particular case. Instead, Dorthey gives the district court the authority to depart from the mandatory minimum sentences provided by the Legislature only in those relatively rare cases in which the punishment provided without question violates La. Const. Art. I, § 20's prohibition against excessive sentences.
Although the trial court was wrong in stating that it could not consider the question of a sentence less than the mandatory minimum, it said nothing to indicate that defendant's case qualified as one of those rare and exceptional circumstances. In fact, the record clearly dispels such a finding.
In 1987 defendant was arrested for felony theft. A few days later, while on bond, he was arrested for residential burglary. He pled guilty to simple burglary and the theft charge was dismissed. He was sentenced to five years at hard labor, suspended and placed on probation. Defendant's probation was revoked in 1990. He was paroled in 1993. Since parole, defendant has had several arrests. The instant crime was committed in 1996. It would have been error if the trial court had imposed a lesser sentence than the minimum mandated by law. To do otherwise would have been a usurpation of the Legislature's intent to deter and punish recidivism.

CONCLUSION
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] Although this case was on appeal for most of the time from January 1997 to December 1997, the district attorney had the authority to bring an habitual offender bill and seek adjudication while the appeal was pending. State v. Hunt, 30,935 (La.App.2d Cir.02/26/98), 707 So.2d 165.
[2] Contrary to defendant's assertion, on his first appeal, this court did not rule that the sentence imposed was excessive, but stated:

Because the record does not demonstrate that the sentencing court adequately considered the factors listed in La.C.Cr.P. art. 894.1 and does not provide a sufficient factual basis for the imposition of an apparently severe sentence of twenty years at hard labor for this offense, a remand for resentencing is necessary. Upon resentencing, the trial court shall comply with La.C.Cr.P. art. 894.1 in determining the appropriate sentence to be imposed.
State v. Carter, supra at 836.
[3] Facts are fully set forth in this court's initial opinion. State v. Carter, supra.