hWILLIAMS, Judge.
The defendant, Robert Gatlin, was charged by bill of information with one count of aggravated battery, a violation of LSA-R.S. 14:34. The district court sentenced defendant to serve ten years at hard labor without accrual of good time credit and denied a timely motion for reconsideration of sentence. Defendant appeals his sentence as excessive. We affirm.
DISCUSSION
The record shows that in December 1999, defendant stabbed the unarmed victim, Derric Addison, in the back twice with a knife at the Red Front Café in Monroe. A witness identified defendant as £he assailant. The defendant later confessed to stabbing the victim.
Subsequently, defendant pled guilty to aggravated battery, which is punishable by a fíne and a sentence of not more than ten years at hard labor, in exchange for the state’s agreement not to charge defendant as a habitual offender. The defendant was sentenced to serve ten years imprisonment at hard labor without reduction for good behavior.
Defendant argues his sentence is excessive, and urges that the court erred in denying eligibility for diminution of sentence for good behavior.[1] When, as here, a defendant’s motion for reconsideration of sentence urges merely that the sentence is excessive, he is relegated to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
A sentence violates La. Const. art. 1, § 20, if it is grossly disproportionate to the severity of the offense or nothing *378 more than a | ¡.purposeless infliction of suffering. State v. Caraway, 28,769 (La.App.2d Cir.10/30/96), 682 So.2d 856. A sentence is considered grossly disproportionate if it is shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
Prior to imposing sentence, the district court reviewed a pre-sentence investigation report and considered the facts of the case. Defendant was convicted of first degree murder in 1969 at the age of 16 and was given a life sentence, which was commuted to 35 years. He was sentenced to serve 8 years at hard labor in 1992 for distribution of cocaine. In 1997, he was sentenced to 3 years at hard labor for possession of cocaine.
Defendant, who was 48 years old at the time of the instant offense, has a history of violent, life-threatening behavior. He has three prior felony convictions and committed the instant offense while on parole. Based upon the defendant’s criminal background, the record supports the district court’s findings that there was an undue risk that defendant would commit another crime if given probation, that he was in need of correctional treatment and that defendant was the type of offender for whom the imposition of the maximum sentence was appropriate.
Contrary to the defendant’s assertion in his brief, the district court specifically considered the fact that the stabbing occurred during a fight. However, the court was also aware that the defendant stabbed an unarmed victim. Thus, the record supports the district court’s observation that there was no mitigation in this matter. In addition, as a fourth felony offender, [sthe defendant obtained a significant reduction in sentencing exposure when the state agreed not to charge him as a habitual offender.
A trial court has wide discretion to impose a sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. Caraway, supra; State v. Thompson, 25,583 (La.App.2d Cir.1/19/94), 631 So.2d 555. Here, the district court provided adequate reasons for imposition of the sentence, which is within the statutory sentencing range for the offense of conviction. Additionally, the defendant pled guilty to a crime of violence and the trial court acted within its discretion in denying eligibility for diminution of sentence for good behavior.
The sentence imposed is neither grossly disproportionate to the seriousness of the offense committed nor is it shocking to the sense of justice. There is no showing that the trial court abused its discretion in sentencing this defendant. Thus, we cannot say that the sentence is constitutionally excessive. The assigned error lacks merit.
We have examined the record for error patent and found none.
The conviction and sentence are affirmed.
AFFIRMED.

. When a defendant is convicted of a crime of violence as defined in LSA-R.S. 14:2(13), the trial court has the discretion to restrict or deny eligibility for diminution of sentence for good behavior. LSA-C.Cr.P. art. 890.1; State v. Roberts, 97-959 (La.App. 5th Cir.2/25/98), 708 So.2d 1199.