958 So.2d 21 (2007)
STATE of Louisiana
v.
Kirk P. SEVERIN.
No. 06-KA-906.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2007.
*22 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Thomas J. Butler, Appellate Counsel, Vincent Paciera, Jr., Trial Counsel, Assistant District Attorneys, Gretna, Louisiana, for Appellee, State of Louisiana.
Margaret S. Sollars, Attorney at Law, Thibodaux, Louisiana, for Defendant/Appellant, Kirk P. Severin.
Panel composed of Judges SUSAN M. CHEHARDY, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
On October 1, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, Kirk Severin, with possession of cocaine in violation of La. R.S. 40:967(C). Defendant entered a plea of not guilty on October 4, 2004. Thereafter, defendant filed a motion to suppress evidence, which was denied after a hearing. On May 11, 2006, defendant waived his right to a jury trial and the matter proceeded before the judge. After trial, the judge found defendant guilty as charged and subsequently sentenced him to three years at hard labor.
Facts
According to Officer Gary Gegenheimer of the Gretna Police Department, he had been instructed at the beginning of his shift on September 15, 2004 that law enforcement officials had enacted a curfew in Gretna, Louisiana in response to the threat of Hurricane Ivan. Officer Gegenheimer testified that he and his fellow officers were instructed to strictly enforce the curfew, which was from 6:00 p.m. to 6:00 a.m.
At approximately 11:57 p.m. on September 15, 2004, Officer Gegenheimer was on routine patrol when he observed a man walking near the intersection of Whitney Avenue and Fredericks Avenue. Officer Gegenheimer stopped the man and placed him under arrest for the curfew violation. When Officer Gegenheimer searched defendant incidental to the arrest, the officer discovered three off-white rocks in defendant's pants pocket, which field-tested positive for cocaine. Defendant was subsequently charged with possession of cocaine.
Argument
In his sole assignment of error, defendant argues that the trial court erred by failing to suppress physical evidence seized after an illegal arrest. Defendant *23 asserts that his arrest was illegal because he was arrested for violating an improperly-enacted curfew. Defendant contends that the State failed to prove the existence of a valid ordinance establishing the hurricane curfew. The State responds that the issue is not whether it established that there was a properly-instituted curfew but whether the police officer had probable cause to arrest defendant.
In determining whether a ruling on a motion to suppress was correct, the reviewing court is not limited to the evidence adduced at the hearing on the motion, but may consider all pertinent evidence given at the trial of the case. State v. Washington, 00-1542 (La.App. 5 Cir. 2/14/01), 782 So.2d 639, 645, writ denied, 01-0940 (La.2/8/02), 807 So.2d 859. Trial courts have great discretion when ruling on a Motion to Suppress. State v. Long, 03-2592 (La.9/9/04), 884 So.2d 1176, 1179, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005). As such, the ruling of a trial court on a Motion to Suppress will not be disturbed absent an abuse of that discretion. Id. at 1179.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Boss, 04-457 (La.App. 5 Cir. 10/26/04), 887 So.2d 581, 585. If evidence is derived from an unreasonable search or seizure, the proper remedy is to exclude the evidence from trial. Id. Warrantless searches and seizures are unreasonable per se unless justified by one of the exceptions to the warrant requirement. State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330, 335-336. The State bears the burden of proving the admissibility of evidence that is seized without a warrant. La. C.Cr.P. art. 703(D); State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 574.
Probable cause is required for a warrantless search to fall within the exception of a search incident to arrest. State v. Chauvin, 06-0362 (La.App. 5 Cir. 10/31/06), 945 So.2d 752, 759. Probable cause exists when the arresting officer has knowledge of facts and circumstances based upon reasonable and trustworthy information that are sufficient to justify a man of average caution in the belief that the person he is going to arrest has committed or is committing an offense. State v. Flagg, 99-1004, p. 6 (La.App. 5 Cir. 4/25/00), 760 So.2d 522, 528, writ denied, 00-1510 (La.3/9/01), 786 So.2d 117.
The authority of local officials to establish an emergency curfew is created by La. R.S. 14:329.6(A), which provides in pertinent part:
A. During times of great public crisis, disaster, rioting, catastrophe, or similar public emergency within the territorial limits of any municipality or parish, or in the event of reasonable apprehension of immediate danger thereof, and upon a finding that the public safety is imperiled thereby, the chief executive officer of any political subdivision or the district judge, district attorney, or the sheriff of any parish of this state, or the public safety director of a municipality, may request the governor to proclaim a state of emergency within any part or all of the territorial limits of such local government. Following such proclamation by the governor, and during the continuance of such state of emergency, the chief law enforcement officer of the political subdivision affected by the proclamation may, in order to protect life and property and to bring the emergency situation under control, promulgate orders affecting any part or all of the territorial limits of the municipality or parish:

*24 (1) Establishing a curfew and prohibiting and/or controlling pedestrian and vehicular traffic, except essential emergency vehicles and personnel.
* * *
At trial, the State introduced evidence of the Governor Blanco's proclamation, dated September 13, 2004, declaring a state of emergency for the entire state in preparation for Hurricane Ivan. The State also introduced the official minutes of the September 15, 2004 Gretna City Council meeting, reflecting Deputy Chief of Police Arthur Lawson's directive for the City Council to institute a 6:00 p.m. to 6:00 a.m. curfew. At Deputy Chief Lawson's direction, the City Council enacted an emergency ordinance instituting the hurricane curfew.
In this case, the chief law enforcement officer of Gretna instituted the curfew. Although he had authority to solely institute the curfew and was not required to seek the Gretna Council's approval, the curfew was ultimately implemented at his request. Thus, the curfew was validly established.[1]
At the suppression hearing, Officer Gegenheimer testified that he received instructions at the beginning of his shift that the hurricane curfew was to be enforced from 6:00 p.m. to 6:00 a.m. He also testified that he received a copy of the city ordinance pertaining to the curfew at roll call that day. Accordingly, when he observed defendant out on the streets of Gretna around midnight while the curfew was in effect, Officer Gegenheimer had reasonable and trustworthy information to believe that the defendant was committing an offense, namely violating the curfew. Thus, Officer Gegenheimer has probable cause to arrest defendant. After the lawful arrest, Officer Gegenheimer found cocaine in the defendant's pocket in a search incidental to arrest. We find that the State bore its burden of proving the admissibility of evidence that was seized without a warrant in this case. Therefore, we find no error in the trial court's denial of defendant's motion to suppress evidence.
Finally, as is our practice, the record was reviewed for errors patent, according to La.C.Cr.P. art. 920. The review reveals no errors requiring correction in this case.
AFFIRMED.
NOTES
[1] Defendant further argues that the ordinance is invalid for procedural defects. Although defendant argues that a copy of the curfew order was not properly filed in triplicate with the Jefferson Parish clerk of court as required by La. R.S. 14:329.6(C), the statute does not set forth a time period for the filing of the order and defendant did not produce evidence that this ordinance had not been filed. Even assuming the curfew was invalid based on a procedural defect, the search incident to an illegal arrest does not require suppression of the evidence. In Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979), the United States Supreme Court held that the later invalidity of an ordinance did not undermine the validity of the arrest made for the violation of that ordinance and that the evidence discovered in a search incidental to that arrest should not be suppressed.