985 So.2d 277 (2008)
STATE of Louisiana
v.
Kirk P. SEVERIN.
No. 08-KA-5.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2008.
*278 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Terry M. Boudreaux, Vincent Paciera, Jr., James W. Adair, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
WALTER J. ROTHSCHILD, Judge.
This is defendant's second appeal. In this appeal, defendant argues that the trial court erred by denying his motion to quash the multiple offender bill of information filed against him. He contends that the multiple bill was untimely filed and heard. For the reasons that follow, we reverse the trial court's denial of defendant's motion to quash and vacate defendant's multiple offender adjudication and sentence.
STATEMENT OF THE CASE
On October 1, 2004, defendant, Kirk Severin, was charged with one count of possession of cocaine, in violation of LSA-R.S. 40:967(C). On May 11, 2006, after defendant waived his right to a jury trial, a bench trial was held. At the conclusion of trial, the trial judge found defendant guilty as charged. On June 16, 2006, defendant was sentenced to three years at hard labor. At sentencing, the State indicated that it intended to file a multiple bill against defendant. Defendant appealed, and this Court affirmed his conviction and sentence on April 11, 2007. State v. Severin, 06-906, p. 6 (La.App. 5 Cir. 4/11/07), 958 So.2d 21, 24.
On September 20, 2006, defendant was released from the Department of Corrections on parole. Thereafter, on January 18, 2007, the State filed a multiple bill alleging defendant to be a fourth felony offender. Defendant denied the allegations of the multiple bill on May 30, 2007. Defendant also filed a motion to quash the multiple bill, which was denied on October 10, 2007 after a hearing. On that same date, a multiple bill hearing was held, and the trial judge found defendant to be a fourth felony offender. After defendant waived sentencing delays, the trial judge sentenced him to imprisonment at hard labor for 20 years without probation or suspension of sentence, to run concurrently with any other sentence. On October 30, 2007, defendant's motion to reconsider sentence was denied. Defendant filed a timely motion for appeal that was granted.
DISCUSSION
On appeal, defendant argues that the trial court erred by denying his motion to *279 quash the multiple bill, because the State waited too long before prosecuting him as a multiple offender. The State responds that the multiple bill was timely filed and heard. It further responds that defendant was not prejudiced by the delay, as he had been previously notified that he would be multiple billed and of the penalty range.
On September 5, 2007, defendant filed a motion to quash the multiple bill arguing that the filing of the multiple bill was untimely and the prosecution was unreasonably delayed by the State through no fault of defendant. At the hearing, defense counsel asserted that defendant was sentenced on June 16, 2006 to imprisonment at hard labor for three years, and he was "paroled out" and released from the Department of Corrections on September 20, 2006. He argued that the multiple bill should be quashed, because the State did not file the multiple bill until January 18, 2007, after defendant had completed his sentence, and that this delay in filing the multiple bill was unreasonable.
The prosecutor responded that the case had been set numerous times for trial, but the trial was continued at the request of the defense. He further argued that the multiple bill was filed approximately six months or so after defendant had been sentenced, and that the State had not unduly delayed the matter. The prosecutor further informed the trial judge that the State had problems obtaining the proper certified documents because of Hurricane Katrina. He then called his investigator, Detective Richard Broussard, as a witness. Broussard testified that, after Hurricane Katrina, it took time to get certified copies of convictions from Orleans Parish because records were destroyed or moved. However, the prosecutor noted that the testimony of the officer was to show that the State had difficulty obtaining certified copies of convictions in all cases, not this particular one. Broussard admitted that he did not have any information on this particular case. After hearing arguments of counsel, the trial judge denied the motion, finding that the multiple bill was timely filed.
LSA-C.Cr.P. art. 874, which provides that a sentence shall be imposed without unreasonable delay, governs the time within which the State shall file a multiple offender bill of information. State v. McQueen, 308 So.2d 752, 755 (La. 1975). Under LSA-R.S. 15:529.1 D(1)(a), a multiple bill may be filed against a defendant who has been convicted of a felony "at any time, either after conviction or sentence." While LSA-R.S. 15:529.1 does not establish a time limit for multiple offender proceedings, the jurisprudence holds that a multiple offender bill must be filed within a reasonable time after the State learns the defendant has prior felony convictions. State v. Muhammad, 03-2991, p. 14 (La.5/25/04), 875 So.2d 45, 55. This rationale is based upon a defendant's constitutional right to a speedy trial and to know the full consequences of the verdict within a reasonable time. State v. Anderson, 01-158, p. 3 (La.App. 5 Cir. 5/16/01), 788 So.2d 561, 563. Any conclusion as to what constitutes a reasonable time must be determined on a case-by-case basis. Id.
As a general matter, there are four factors for courts to consider in determining whether a defendant's right to a speedy trial has been violated. State v. Reaves, 376 So.2d 136, 138 (La.1979). Those factors are the length of the delay, the reasons for the delay, the accused's assertion of his right to speedy trial, and the prejudice to the accused resulting from the delay. Id. While these factors are neither definitive nor dispositive in the context of a habitual offender proceeding, they are instructive. Muhammad, 03-2991 at 15, 875 So.2d at 55.
*280 In Muhammad, the Louisiana Supreme Court overruled State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974), to the extent that it established a bright line rule that multiple offender proceedings must be completed before the defendant satisfies his sentence on the underlying felony. The Muhammad Court held that an evaluation of the circumstances surrounding the multiple offender proceedings should be conducted on a case by case basis. Muhammad, 03-2991 at 13, 875 So.2d at 54. The Court further noted that an important factor in deciding whether the multiple offender bill of information was timely filed requires a determination of when the State acquired the knowledge that the defendant was a multiple offender. Id. at 14, 875 So.2d at 55.
In Muhammad, the Court also expressly noted that "[t]here are two concepts at issue in this case  the timely filing of a multiple offender bill of information and the timely hearing or completion of the proceeding." (Emphasis in original) Id. at 16, 875 So.2d at 56. In Muhammad, the original multiple offender bill of information was filed on the date of the defendant's sentencing, which was before he was released from custody. Due to a series of events, including remands following two appeals, defendant was not finally adjudicated a multiple offender until four months after his sentence completion date. Id. The primary issue was whether or not the multiple offender adjudication was timely completed. The Court found that the State did not unduly or unreasonably delay in completing the multiple offender proceedings, noting "[d]efendant was never released from prison only to have the State thereafter file enhancement proceedings." Id. at 17, 875 So.2d at 56.
In the instant case, the primary issue is whether or not the multiple bill was timely filed. The record reflects that defendant was sentenced on June 16, 2006 to three years at hard labor. The State was clearly aware that the defendant was a multiple offender at the time of sentencing, because the State noted that it intended to file a multiple bill. Although the State claims that Hurricane Katrina caused delays in obtaining certified records of prior convictions, such a delay did not prevent the State from filing a multiple bill and there was no testimony that there was a delay in obtaining records in this particular case. In fact, at the hearing on June 16, 2006, the State indicated that it would file a multiple bill on or before July 19.
The State should also have been aware that defendant had served the majority of his sentence at the time of sentencing, where the charges had been pending since October 2004, defendant was sentenced in June 2006 to three years at hard labor, and the sentence was parole eligible. However, the State waited until January 18, 2007 to file the multiple bill, which was approximately seven months after defendant was sentenced and four months after he was released from custody on parole.
A defendant has the right to know within a reasonable time whether or not he is going to face enhanced penalties. State v. Broussard, 416 So.2d 109, 110 (La.1982); State v. Carter, 32,733, p. 1 (La.App. 2 Cir. 10/27/99), 746 So.2d 711, 712, writ denied, 99-3336 (La.5/5/00), 761 So.2d 542. In the instant case, defendant was released from jail and returned to society four months before the State instituted "sentence enhancement" proceedings for a sentence that had already been completed. Further, the State did not provide a valid reason for the delay in filing the multiple bill.
Considering the facts of this particular case, along with the pertinent law, we find that the State did not file a multiple offender bill against defendant within a reasonable time because it did not do so until *281 four months after defendant had been released from jail for the underlying offense. Accordingly, we reverse the trial court's denial of defendant's motion to quash, and we vacate defendant's multiple offender adjudication and sentence. Because we have found that the State did not timely file the multiple bill in this case, the issue of whether the multiple offender proceedings were timely completed is moot.
ERRORS PATENT
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review does not reveal any errors patent in this case that require corrective action.
DECREE
For the reason set forth above, we reverse the trial court's denial of defendant's motion to quash. We further vacate defendant's multiple offender adjudication and sentence.
REVERSED; MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED.