JOHNSON, J.,
would grant the writ application for the following reasons.
Lit is clear that the state should be charged with the three-year delay following defendant’s second appeal in which the *162 District Attorney’s Office simply, and inexcusably, lost track of the case. Given that lapse of time, defendant could reasonably entertain a belief, as he came within days of securing his release on a full term date, that his original concurrent 10-year sentences on two counts of armed robbery measured the full consequences of the court’s verdicts. State v. Severin, 08-0005 at 6, (La.App. 5 Cir. 4/29/08) 985 So.2d 277, 280 (“A defendant has the right to know within a reasonable time whether or not he is going to face enhanced penalties.”) (citing State v. Broussard, 416 So.2d 109, 110 (La.1982) (other citation omitted)).
On this premise, revival of the habitual offender proceedings may not have had a vindictive purpose but it certainly had a vindictive effect. The Defendant had undergone radiation treatment for cancer while incarcerated and completed the reentry program designed by the Department of Corrections when, one day short of his release to live with his aged and infirm grandmother, penitentiary officials told him he was going nowhere except back to East Baton Rouge Parish Prison.