| iBROWN, Judge.
Defendant, Steven Entwistle, was arrested on two separate occasions for possession of marijuana, possession of drug paraphernalia, possession of methamphetamine and possession of methamphetamine with intent to distribute. Defendant pled guilty to two charges of possession of methamphetamine. The remaining charges were not prosecuted. Defendant was sentenced to five years at hard labor on each charge, with the terms to *1037 run consecutively. The court also recommended that defendant be placed in the Department of Corrections’ substance abuse program. Timely motions to reconsider the sentences were denied. Defendant appeals urging that the district court failed to articulate adequately the reasons for sentence and that the sentences are excessive.[1] We affirm.
This 32-year-old defendant’s criminal history included convictions for distribution of methamphetamine and possession of marijuana in 1990; possession of marijuana in 1996; DWI first in 1986; DWI second in 1993; and DWI third in 1994.
The first charge in this case arose out of a search of defendant’s home on April 25, 1996. Thereafter, on June 12,1996, a second search of defendant’s home resulted in the second charge. He was on bond from the April charges at the time he committed the second group of offenses in June. Considering the defendant’s conviction in 1990 for the same offense and his repetition of the same criminal conduct while on bond, he demonstrated convincingly that, he is not an, appropriate candidate for probation or suspension of sentence.
|2Pefendant had a scanty employment record. He admitted he had used methamphetamine for the past five years and that he had used marijuana for 15 years.
The trial court adequately articulated its reasons for the sentences imposed and on this record, we find no abuse of its sentencing discretion. Defendant obtained a substantial benefit from his plea bargain which greatly reduced his exposure and secured dismissal of several pending charges. A substantial advantage obtained by means of plea bargain is a legitimate consideration in imposing the maximum sentence. State v. Smack, 425 So.2d 737 (La.1983); State v. Bradford, 29,519 (La.App.2d Cir. 04/02/97), 691 So.2d 864. Further, either because the second charge arose while defendant was on bond for the first offense, or because of defendant’s 1990 conviction for the same offense, it was appropriate that the sentences be served consecutively. The penalty imposed on this defendant, giving due consideration to the facts and his history, is neither disproportionate to the seriousness of the offenses nor does it shock the sense of justice. Therefore, it is not constitutionally excessive. The assignments of error lack merit.
We have examined the record for error patent and found none.

Conclusion

Considering the above and foregoing, Steven Entwistle’s consecutive hard labor sentences of five years are AFFIRMED.

. Defendant assigned that there were inconsistencies in the presentence investigation report. However, we deem the assignment abandoned since it was not briefed. URCA Rule 2-12.4; State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir. 1989), writ denied, 558 So.2d 1123 (La.1990).