liBROWN, Judge.
Defendant, 26-year-old . Christopher Webb, charged with second degree murder, pled guilty to manslaughter and was sentenced to 30 years at hard labor. He has appealed, urging that his sentence is excessive. We affirm.

Discussion

Defendant was initially charged with second degree murder, which is punishable by life imprisonment without the benefit of parole, probation or suspension of sentence. La. R.S. 14:30.1. He entered into an agreement with the state and pled guilty to manslaughter, which is punishable by imprisonment at hard labor for not mbre than 40 years. La. R.S. 14:31.
Defendant’s assignments of error fall into two general categories. First, that the trial court did not properly consider and apply the sentencing guidelines and second, that the sentence imposed was excessive.
The Louisiana Sentencing Guidelines were repealed by the legislature. See Acts 1995, No. 942, effective August 15, 1995. When defendant was sentenced on July 6, 1995, the guidelines still applied and provided for a term of imprisonment of five to seven and one-half years.
*100 The trial court rejected the sentence recommended by the guidelines, imposed a sentence within the range allowed by the statute of conviction and fully stated the reasons and factual basis for that sentence. Because the guidelines were only advisory and have been repealed, a remand for incorrectly classifying certain circumstances as aggravating factors causing the crime to be considered atypical would serve no purpose. State v. Caraway, 28,769 (La.App.2d Cir. 10/30/96), 682 So.2d 856. Thus, our review of defendant’s sentence is limited to the constitutional provision prohibiting excessive punishment. La. Const. Art. 1, § 20.
|aA sentence is excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A trial court, however, has wide discretion to sentence within the statutory limits, and absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La.App.2d Cir. 09/25/96), 682 So.2d 777, writ denied, 96-2590 (La.03/27/97), 692 So.2d 391.
As noted above, La. R.S. 14:31 provides that manslaughter is punishable by imprisonment at hard labor for not more than 40 years. Defendant’s 30 year sentence is on the upper end of this range; however, as originally charged, he faced life imprisonment without parole. By pleading guilty to manslaughter, defendant significantly reduced his sentencing exposure. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in imposing the maximum or near maximum sentence. State v. Smack, 425 So.2d 737 (La. 1983); State v. Entwistle, 30,261, 30,262 (La.App.2d Cir. 01/21/98), 706 So.2d 1036. Obviously, when a defendant pleads guilty, the facts are not fully developed; however, the trial court has police reports, pre-sentence investigation reports and statements from the state as well as defendant from which it can determine whether an advantage was gained by the plea bargain.
The record reveals that defendant and the 24-year-old victim, Eddie Allen, fought in the middle of Jackson Street in Monroe, Louisiana. After the fight ended, defendant returned to the vehicle in which he was a passenger. According to defendant, someone said the victim had something in his hand. Defendant took a gun from the car, said he saw a reflection of something in the victim’s hand and | ¡¡fired at the victim. Defendant got into the vehicle and fired several more times at the victim as the ear fled the scene. We note, however, that a witness who viewed the incident from her home stated that after the first shot, defendant said, “[T]hat was by accident. The next bullet won’t miss,” and fired five more times. Allen died as a result of a gunshot wound to the chest.
The trial court noted that defendant killed the victim under circumstances which were not justifiable and emphasized that defendant fired several shots at the victim from his vehicle as he was leaving the scene. The trial court also took note of defendant’s “brushes with the law,” all of which involved physical violence. When this crime occurred, defendant had charges pending from two separate incidents that involved aggravated assault with a gun and battery on a police officer. Also noted by the trial court was the victim’s arrest for various crimes ranging from theft to other fights. Further, the trial court stated that the victim struck the first blow in thé initial fight, but that fight had ended by the time the shooting occurred.
Second degree murder is defined in part as the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. La. R.S. 14:30.1. Under these circumstances, defendant was correctly charged with second degree murder and did receive a substantial benefit from the plea to a lesser charge. Defendant’s sentence is neither disproportionate to the seriousness of the offense, nor does it shock a sense of justice. It does not violate the constitutional condemnation of excessive punishment.
We have examined the record for error patent and found none.

*101
Conclusion

For the reasons set forth above, defendant’s sentence is AFFIRMED.