# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-287

STATE OF LOUISIANA

VERSUS

PAUL E. DAY

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-217-04
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**

**David W. Burton**
**District Attorney**
**36th Judicial District Court**
**Post Office Box 99**
**DeRidder, LA    70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, LA   70598**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Paul E. Day**

AMY, Judge.

The defendant pled guilty to one count of possession of methamphetamine, in violation of La.R.S. 40:967. He was sentenced to pay a $1,000.00 fine and to serve sixty months at hard labor, with twelve months of the sentence suspended. The defendant was further sentenced to five years of supervised probation with special conditions after his prison term. This sentence is to be served consecutively to a previous sentence of seven years for possession and distribution of marijuana. The defendant appeals, alleging that his sentence is excessive. For the following reasons, we affirm and remand with instructions.

**Factual and Procedural Background**

Due to the defendant's guilty plea, no trial testimony was presented concerning the facts of the offense. Further, the State did not present a factual basis for the defendant's plea at the Boykin hearing or at the sentencing hearing. The district court stated that the factual basis for the conviction is comprised of the State's answer to the defendant's motion for discovery. The offense reports contained therein state that on November 7, 2003, Beauregard Parish Sheriff's officers searched the defendant's residence and found a small plastic bag containing methamphetamine as well as a smoking device which had marijuana in it.

The bill of information for the instant offense charged the defendant with possession of marijuana in violation of La.R.S. 40:966(C) and possession of methamphetamine in violation of La.R.S. 40:967(C); both charges were also alleged to be second or subsequent offenses in violation of La.R.S. 40:982. Pursuant to an agreement with the State, the defendant pled guilty to one count of possession of methamphetamine and the State dismissed the charges relating to possession of marijuana and both of the subsequent offense charges. The defendant confirmed at

his guilty plea hearing that the agreement contained no promises regarding the length of his sentence or the availability of early release. The defendant was subsequently sentenced to serve sixty months at hard labor, with twelve months of the sentence suspended. He was further sentenced to five years of supervised probation after his release with the conditions that he pay a fine of $1,000.00, reimburse the Indigent Defender Board $40.00, pay a monthly supervision fee of $50.00, pay a $5.00 monthly assessment fee as required by La.Code Crim.P. art. 895.1(F), refrain from drug and alcohol use, and submit to random drug and alcohol screens at his own expense. At the time of his arrest, the defendant had been on parole for a 1999 conviction for possession and distribution of marijuana, which had resulted in a seven year sentence; his sentence for the instant offense was to be served consecutively to that sentence.

The defendant timely filed a Motion to Reconsider Sentence, which was denied by the district court. The defendant now appeals, asserting that the district court erred in imposing a sentence that "is unconstitutionally excessive for this offender and this offense."

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we find there is one error which requires correction.

As conditions of his probation, the district court ordered the defendant to pay a $1,000.00 fine, plus costs and fees, as well as a $40.00 reimbursement fee to the Indigent Defender Board. The district court ordered that all sums be paid pursuant

2

to a pay plan set by the defendant's probation officer. The trial court erred in failing to establish a payment plan for fees ordered as conditions of probation. *See State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255; *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128. Therefore, we remand the matter and instruct the district court to specify a payment schedule for the fees ordered as conditions of the defendant's probation.

*Excessive Sentence*

As his sole assignment of error, the defendant alleges that the sentence imposed by the district court is excessive.

The defendant filed a Motion to Reconsider in accordance with La.Code Crim.P. art. 881.1. According to Article 881.1, in order to raise any sentencing claims on appeal, a defendant must file a motion to reconsider the sentence setting forth the specific grounds upon which the motion is based.[1] *State v. Mims*, 619 So.2d 1059 (La.1993). The defendant need not, however, allege any more specific ground than that the sentence is excessive in order to preserve a claim of constitutional excessiveness. *Id.*

In his Motion to Reconsider, the defendant alleged that his sentence was excessive because he was "an excellent candidate for rehabilitation in that he has already submitted to and successfully completed a Drug Rehabilitation Program."

---

[1] Louisiana Code of Criminal Procedure Article 881.1(E) states:

Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

The defendant also alleged in his Motion to Reconsider, as well as in his brief to this court, that his sentence should have been ordered to run concurrently with the sentence for his 1999 conviction, and not consecutively to it.

In *Mims*, the Louisiana Supreme Court held:

> If the defendant does not allege any specific ground for excessiveness or present any argument or evidence *not previously considered by the court at original sentencing*, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness.

*Id.* 619 So.2d at 1059. (Emphasis added.)

The defendant alleged in his Motion to Reconsider that his sentence was excessive due to his successful completion of a drug rehabilitation program. Our review indicates that the district judge made the following statement to the defendant at his sentencing hearing, "You have been in in-patient drug programs; yet, you continue to involve yourself with illegal drug use. I have little hope for your rehabilitation with such a record." Consequently, in accordance with *Mims*, we find that the district court has already considered the defendant's allegations, that he has completed other rehabilitation programs and that he would be "a good candidate" for similar future programs, in establishing the sentence. Therefore, we decline to consider that argument separately from our bare excessiveness analysis. We will also consider his argument regarding the consecutive nature of his sentence in our bare excessiveness analysis.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of

4

justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/01), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has stated:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/5/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The defendant pled guilty to possession of methamphetamine, in violation of La.R.S. 40:967(C)(2), which states, in pertinent part:

> C. **Possession**. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise authorized by this Part.

(2) Any person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.

In sentencing the defendant in the instant matter, the district judge stated:

> The sentence of the Court is that you be committed to the Louisiana Department of Corrections and confined at hard labor for a period of 60 months on the count of possession of methamphetamines which you plead guilty on September 24, 2004 (sic.)

This sentence shall run consecutive to any sentence previously imposed upon you in any court which may remain unserved. Specifically, it shall be consecutive to your prior conviction in the 36th Judicial District Court on July 21st 1999 for illegal carrying of weapons and distribution of marijuana.

> Further, 12 months of this sentence is to be suspended with 48 months of the sentence to be served. Upon your release from prison, you are placed on five years supervised probation subject to the following conditions which shall be concurrent with any conditions of parole:

> You are to pay a fine of $1,000., plus costs and fees on a pay plan set by your probation officer. You are to reimburse the Indigent Defender Board the sum of $40 for services rendered on a pay plan set by your probation officer. You are to pay the monthly probation supervision fee of $50 mandated by statute upon your release from jail while you are on supervised probation.

> You are to pay the $5 monthly assessment required by Article 895.1F of the Louisiana Code of Criminal Procedure. You are to use no drugs or alcohol during your probation unless those substances are prescribed for you by a physician, licensed in the United States.

> You are to submit to random drug and alcohol screens at your expense upon request of your probation officer. These screens shall be of such nature and kind and shall be of such frequency as your probation officer shall deem appropriate under the circumstances and may include the drawing of bodily fluids.

> I will also recommend you for participation in the Blue Walters Drug Treatment Program while you are in custody. If you are not eligible or do not complete this program when you are released on probation, you are to seek a substance and abuse evaluation from a resource acceptable to your probation officer of the recommendations of that evaluator becoming the conditions of your probation.

6

This sentence has been imposed after consideration of the pre-sentence investigation report from the Louisiana Division of Probation and Parole dated November 11th, 2004.

Further this sentence has been imposed after reviewing the record in this case, particularly the discovery provided by the State to the defense which includes the laboratory report and chemical analysis by the Southwest Louisiana Regional Crime Lab, dated December 2, 2003, which along with your admission of guilt provides the Court with the factual basis for this conviction.

You appear before this Court as a second felony offender. This present conviction is your third drug offense, having been previously convicted of possession of marijuana in 1991 and distribution of marijuana in 1998.

Your original charges in this case were two counts of possession of controlled substances, charged as a second or subsequent offense. Once these – one of these counts was dismissed, and the charge or plea was reduced to possession of methamphetamine without the second-offense enhancement.

You have been given ample consideration in your plea agreement with the State which did not include any commitment by this Court as to the length of sentence. You have been both on probation and in prison in connection with these prior offenses.

You have been in in-patient drug treatment programs; yet, you continue to involve yourself with illegal drug use. I have little hope for your rehabilitation with such a record. However, as you have a family for whom you are responsible, I am providing for a split sentence with probation upon your release from prison with the hope of finally assuring that you will remain drug free.

Further, I have considered your willingness to admit your wrongdoing in this case in imposing this sentence. The sentence is both fair and just under the circumstances, and it is clearly not excessive given your history.

This court has held that when the offense to which the defendant pled guilty does not adequately describe his conduct, the district court may take into consideration the benefit the defendant obtained through the plea bargain. *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095 (citing *State v. Lanclos*, 419 So.2d 475 (La.1982)). This court further stated that the district court "should

particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment." *Id.* at 1101 (citing *State v. Robinson*, 33,921 (La.App. 2 Cir. 11/1/00), 770 So.2d 868; *State v. Waguespack*, 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 209 (La.1992)). In the present case, the district court stated that it considered the "ample consideration" that the defendant received in his plea agreement with the State.

In light of the plea agreement, the State agreed to dismiss count one of possession of marijuana, second offense and the additional sentencing enhancement for second or subsequent offense for the methamphetamine possession count. The sentence for second offense possession of marijuana under La.R.S. 40:966(E)(2) is not more than five years, which could be doubled under the sentence enhancement of La.R.S. 40:982(A) to ten years. The State also agreed to dismiss the sentence enhancement under La.R.S. 40:982(A) for the second count of possession of methamphetamine, which reduced his sentencing exposure from ten years to five years. *See* La.R.S. 40:967(C)(2) and La.R.S. 40:982(A). Thus, the defendant received a great benefit through his plea agreement, which reduced his total sentencing exposure from twenty years to five years.

In *State v. Entwistle*, 30,261 (La.App. 2 Cir. 1/21/98), 706 So.2d 1036, the defendant pled guilty to two charges of possession of methamphetamine. Remaining charges of possession of marijuana, possession of drug paraphernalia, possession of methamphetamine and possession of methamphetamine with intent to distribute were not prosecuted. The defendant was sentenced to five years at hard labor on each charge, with the terms to run consecutively. The defendant's criminal history included convictions for distribution of methamphetamine and possession of

8

marijuana in 1990, possession of marijuana in 1996, DWI first in 1986, DWI second in 1993, and DWI third in 1994. The second circuit held that the trial court had not abused its discretion in sentencing the defendant and stated, "[f]urther, either because the second charge arose while defendant was on bond for the first offense, or because of defendant's 1990 conviction for the same offense, it was appropriate that the sentences be served consecutively." *Id.* at 1037.

In *State v. Simons*, 29,544 (La.App. 2 Cir. 5/7/97), 694 So.2d 593, the defendant, a second felony offender, was sentenced to serve five years at hard labor for possession of methamphetamine. In affirming the defendant's sentence, the second circuit stated:

> On this record, we do not find that the district court abused its broad discretion and the sentence imposed is not unconstitutionally excessive. This healthy, mature, single, second felony offender presents no special circumstances. He continued abuse of controlled dangerous substances while on bail pending further proceedings and his commission of the present offense while on probation place him within that class of offenders for whom a maximum sentence is appropriate. He received a substantial benefit from his plea bargain, including the prosecution's agreement not to seek sentence enhancement as a repeat offender. The sentence imposed does not shock the sense of justice and, therefore, is not unconstitutionally excessive.

*Id.* at 595-96.

In the present matter, the district court noted that the defendant is a second felony offender. Our review of the record indicates that he previously pled guilty to six counts of distribution of marijuana and one count of possession of marijuana pursuant to a plea agreement in which the State dismissed charges on three counts of possession of a firearm while in possession of marijuana. Maximum sentences should be reserved for the most egregious and blameworthy of offenders. *State v. LeBlanc*,

578 So.2d 1036 (La.App. 3 Cir. 1991), *writ denied*, 620 So.2d 833 (La.1993). In this instance, the defendant falls within that category.

The defendant also alleges that the district court erred in ordering that his sentence run consecutively to the seven-year sentence he received in 1999; the defendant had been released on parole for that sentence at the time of his arrest in the instant matter. Louisiana Code of Criminal Procedure Article 883 states, in pertinent part:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

The defendant was convicted of only one charge, which was related to drugs found in the defendant's home during a search on November 7, 2003. Although the district judge stated that the defendant's sentence in the instant matter was to run consecutively to "any sentence previously imposed . . . in any court," the district court made no reference to any other charges arising from the search of the defendant's home on November 7, 2003. Further, neither the defendant nor the State has alleged that any other sentence to be served arose from acts that were a part of a common scheme or plan to those related to the November 7, 2003 search. Because the district judge clearly designated that the sentences be served consecutively, as required by La.Code Crim.P. art. 883, the imposition of consecutive sentences by the trial court was not an abuse of its sentencing discretion. *See State v. Vollm*, 04-837 (La.App. 3 Cir. 11/10/04), 887 So.2d 664. This assignment is without merit.

**DECREE**

For the foregoing reasons, Paul E. Day's conviction for possession of methamphetamine in violation of La.R.S. 40:967 and his sentence to serve sixty months at hard labor, consecutive to any previous sentence, is affirmed. However, regarding the conditions of the defendant's probation following his prison term, we remand the matter and instruct the district court to specify a payment schedule for the fees ordered as conditions of the defendant's probation.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**