BROWN, Chief Judge.
 

 _[jOn February 4, 2008, defendant, Tasha Lister, was involved in a fight with the victim, Jessica Williams. Defendant turned from the fight and got a handgun from Ronald Gix, who was watching the fight, and shot the victim in the neck. Defendant was indicted for second degree murder, a violation of La. R.S. 14:30.1. On September 14, 2009, defendant pled guilty to manslaughter, a violation of La. R.S. 14:31. On September 1, 2010, she was sentenced to serve 28 years at hard labor. Defendant now appeals. Her only assignment of error is that her sentence is excessive.
 

 For the following reasons, we affirm.
 

 Facts and Procedural Background
 

 “No law shall subject any person ... to cruel, excessive, or unusual punishment.” La. Const. Art. 1, § 20.
 

 This crime occurred in Monroe, Louisiana. At the time of this shooting, defendant was 27 years old and the victim was 20 years old. Both had been involved with drugs and alcohol on the night of the shooting. On September 14, 2009, defendant appeared before the court to plead guilty to the crime of manslaughter. The trial court administered the guilty plea colloquy. During the colloquy, defendant affirmatively indicated that she understood her rights. She acknowledged that her rights would be forfeited if she pled guilty, and she did not have any questions regarding her guilty plea. Following the colloquy, the court established a factual basis for the record.
 

 Defendant was born on June 13, 1980. She has four children who now live with their great-grandmother (defendant’s grandmother). This is ^defendant’s first felony conviction. Defendant stated that she, James Coward and Justin Wright “bought some drugs ... some pills, [had] already been on the powder [and] smoked a stick of wet” the night before the shooting.
 

 The judge then had James Coward take the stand. Coward testified that Wright, who was the victim’s boyfriend, began to “egg up a fight” by “pushing ... one [woman] against the other.” According to Coward, defendant confronted the victim. Defendant was armed with a “stick” (later identified as a pool cue), and the victim was in a truck, attempting to leave. An argument ensued and defendant shattered the pool cue against the truck. The victim grabbed half of the shattered cue. Defendant then retrieved a gun from a bystander, Robert Gix, and shot the 20-year-old victim, who died in the hospital shortly thereafter.
 
 [1]
 

 
 *537
 
 After various delays, defendant was sentenced on September 1, 2010. The record suggests there were multiple hearings held before her final sentencing. Defendant presented evidence of spiritual improvement and drug rehabilitation while incarcerated. The court noted that defendant had no prior convictions and was the mother of four children. The court also observed that the victim, Ms. Williams, had children.
 

 After weighing the aggravating factors against the mitigating factors, the court sentenced defendant to 28 years imprisonment at hard labor. When sentencing defendant, the court explained that he did not want to ^deprecate the seriousness of the offense by giving defendant a minor sentence.
 

 Defense counsel reminded the court that, during a previous hearing, the court had implied that defendant would receive a sentence of 25 years.
 

 The court responded that:
 

 There’s nothing changed. There’s no external factors. It’s just me and I decided that — I told you I was thinking about 25 years; I do recall that and I decided no matter what Ms. Lister did— well, whatever she did since she was convicted, it’s not enough. It doesn’t significantly nudge me off. If anything, my attitude has changed in the past several months with regard to counterproductive, anti-social, sociopathic, stupid, self-destructive behavior and that’s what she engaged in all her adult life as far as I could see. She finally killed somebody else. You don’t have to like it and I understand you don’t like it, but that’s my ruling today.
 

 Defense counsel objected orally, stating, “we take a exception to the court’s ruling that it was senseless in that it was clear from the record that it was as close to self-defense as you could get without it actually being self-defense with the evidence of the victim having the pool cue and attacking Ms. Lister.”
 

 Discussion
 

 A sentence violates Article 1, § 20 of the Louisiana Constitution if it is grossly out of proportion to the seriousness of the offense, or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sen tence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of Injustice.
 
 State v. Weaver,
 
 01-0467 (La.01/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864. The trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, a sentence should not be set aside as excessive.
 
 State v. Square,
 
 433 So.2d 104 (La.1983);
 
 State v. Thompson,
 
 25,583 (La.App.2d Cir.01/19/94), 631 So.2d 555.
 

 Defendant was charged with second degree murder. The penalty for second degree murder is a mandatory sentence of life without benefit of parole, probation, or suspension of sentence. La. R.S. 14:30.1(B). Defendant pled guilty to manslaughter. The maximum penalty for manslaughter is 40 years imprisonment at hard labor. La. R.S. 14:31(B). Defendant, therefore, benefitted significantly by pleading guilty to the lesser charge. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in imposing a sentence.
 
 State v. Entwistle,
 
 30,261 (La.App.2d Cir.01/21/98), 706 So.2d 1036.
 

 
 *538
 
 The facts in this case show that defendant was the aggressor. She took a pool cue from her house and used it as a weapon against an unarmed victim. When the victim attempted to protect herself, defendant grabbed a gun and shot her.
 

 Although defendant has not been convicted of another felony, she has a history of violent behavior. She has previously been charged with aggravated assault, aggravated assault with a gun, aggravated assault with a |fiknife, and simple battery. While the record is silent regarding the disposition of those charges, the trial court was authorized to consider the evidence of uncharged, charged, or nolle prossed offenses.
 
 State v. Anderson,
 
 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40.
 

 Contemplating the sentence, the judge considered mitigating factors as well, noting that defendant presented evidence of drug rehabilitation and spiritual improvement. Ultimately, the court imposed a sentence that was closer to the mean than the maximum. There was no abuse of the court’s sentencing discretion in this case. The 28-year hard labor sentence does not shock the sense of justice.
 

 Conclusion
 

 Defendant’s sentence is AFFIRMED.
 

 [1]
 

 . Gix pled guilty to being a convicted felon in possession of a handgun and was sentenced to 15 years at hard labor.